J-S44007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TARYL AARON TAYLOR, | |
| Appellant | No. 1510 WDA 2013 |

Appeal from the Judgment of Sentence Entered April 10, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0001053-2012
CP-02-CR-0015350-2011

BEFORE: BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 22, 2014**

Appellant, Taryl Aaron Taylor, appeals from the judgment of sentence of an aggregate term of five to ten years' incarceration, followed by ten years' probation, imposed after he was convicted, following a non-jury trial, of two counts of robbery, carrying a firearm without a license, resisting arrest, escape, and possession of a controlled substance. On appeal, Appellant contends that the court's verdict was contrary to the weight of the evidence. Additionally, his counsel, Victoria H. Vidt, Esq., seeks permission to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and amended in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review,

we agree with counsel that Appellant's weight of the evidence claims are waived. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On November 10, 2013, Appellant "robb[ed] Michael Sheets as he walked home to his apartment in the Bloomfield/Lawrenceville section of the City of Pittsburgh." Trial Court Opinion (TCO), 2/12/14, at 2. On November 12, 2013, Appellant "robb[ed] Marshall Farnan as he exited his parked car." *Id.* Appellant was arrested and charged in two separate cases for the robberies of Sheets and Farnan, docketed at No. 2012-01053 and No. 2011-15350, respectively. After a non-jury trial, Appellant was convicted of the above stated crimes on February 4, 2013. He was sentenced on April 10, 2013. Appellant filed a timely post-sentence motion (PSM) raising the following claim:

> 6. The guilty verdict in this case was against the weight of the evidence. These cases involve claims that [Appellant] possessed a firearm. At 2012-01053 **no firearm was ever recovered.** Additionally, **[Appellant] introduced evidence that he was at another location at the time of the alleged Robbery.** The evidence boiled down to a … case of one person's word against another. The verdict should have shocked the conscience of the trial court, and the guilty verdict should have been overruled.

Post-Sentence Motion, 4/19/13, at 3 (emphasis added). Because Appellant claimed in his PSM that he had not yet received the transcripts of trial, the court "allowed for a supplemental motion to be filed." TCO at 2. However, no supplemental motion was received. Appellant's PSM was denied by operation of law on August 21, 2013.

- 2 -

Appellant filed a timely notice of appeal, as well as a timely court-ordered concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). In his concise statement, Appellant presented the following two issues:

A. The trial court abused its discretion in finding that the guilty verdict at No. [] 2012[-]01053 was not contrary to the weight of the evidence, **specifically with regard to the identification of [Appellant]** as one of the two perpetrators involved in the robbery on November 10, 2011. The victim, who was the only prosecution witness, testified that the robber was wearing a hooded sweatshirt and a hat which obscured his face from view, and which would have blocked any light shining on the shooter either from above or the side. The victim could not describe any particular characteristics of the robber immediately following the shooting. When the victim was shown a photo array, he looked at it for 5 to 7 minutes before selecting a picture. At trial, he said he was told to pick a photo that most closely resembled the person who robbed him. He was not told the perpetrator may or may not have been in the array. For these reasons, **the element of identification was so unreliable and contradictory that it was incapable of supporting the verdicts of guilt**, and therefore, the verdicts could have only been based on surmise and conjecture.

B. The trial court abused its discretion in finding that the guilty verdicts at No. [] 2011[-]15350 were not contrary to the weight of the evidence, **specifically with regard to the identification of [Appellant]** as one of the two perpetrators involved in the robbery on November 12, 2011. The victim testified that a gun was in his face during the ten-second encounter, and that the robber's face was shadowed by his hoodie. The victim identified the robber entirely based on the fact that the hoodie worn by the robber was similar in appearance to one that [Appellant] was wearing at the time of his arrest. No evidence was presented that the gun found near [Appellant] at the time of his arrest was the same one used in the robbery. The victim could only say that the gun was similar in appearance and size, and could not give the make or model of the gun the robber used. Furthermore, a witness testified … that they [and Appellant] were together at a party at the time of the shooting. Finally,

[Appellant] testified that the victim had a motive to fabricate the allegations. For these reasons, **the element of identification was so unreliable and contradictory that it was incapable of supporting the verdicts of guilt**, and therefore, the verdicts could only have been based on surmise and conjecture.

Rule 1925(b) Statement, 11/4/13, at 2-4 (unnumbered pages; emphasis added).

On February 12, 2014, the trial court issued a Rule 1925(a) opinion concluding that Appellant's weight of the evidence claims were waived. While the court acknowledged that Appellant presented a weight of the evidence issue in both his PSM and Rule 1925(b) statement, the court concluded that the precise arguments proffered in those two documents were different. For instance, in regard to case No. 2012-01053 (victim Sheets), the court explained that in his Rule 1925(b) statement, Appellant "assail[ed] the identification evidence supplied by Michael Sheets." TCO at 3. However, in his PSM, Appellant "referenced the lack of a weapon and the strength of his alibi evidence." *Id.* In the case docketed at No. 2011-15350 (victim Farnan), the court emphasized that contrary to the arguments asserted in Appellant's PSM, his tactic in his Rule 1925(b) statement was "to challenge various components of the identification evidence with a particular emphasis upon defense generated evidence of alibi and motive to fabricate on behalf of the government's key witness." *Id.* at 4.

In sum, the court concluded that because "the arguments advanced in support of the weight issue are different[,]" Appellant had not properly preserved this weight of the evidence claim for appellate review. *Id.* (citing

*U.S. v. Joseph*, 730 F.3d 336, 337 (3d Cir. 2013) (holding "that for parties to preserve an argument for appeal, they must have raised the same *argument* in the District Court – merely raising an *issue* that encompasses the appellate argument is not enough") (emphasis in original)).  On May 7, 2014, Attorney Vidt filed with this Court a petition to withdraw and an *Anders* brief, agreeing with the trial court's conclusion that Appellant waived the weight of the evidence arguments he sought to raise on appeal.

"When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)).  In *Santiago*, our Supreme Court altered the requirements for counsel to withdraw under *Anders*.  Thus, pursuant to *Anders/Santiago*, in order to withdraw from representing an appellant, counsel now must:

> (1)   provide a summary of the procedural history and facts, with citations to the record;
>
> (2)   refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)   set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)   state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citing *Santiago*, 978 A.2d at 361). "Counsel also must provide a copy of the *Anders* brief to his client." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014).

> Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Id.* Once we are satisfied that counsel met these technical requirements, this Court must then conduct its own review of the record and independently determine whether the appeal is in fact wholly frivolous. *See Daniels*, 999 A.2d at 594.

Instantly, in her *Anders* brief, Attorney Vidt provides a detailed summary of the procedural history and facts of Appellant's case with citations to the record. She also includes a discussion of the two weight of the evidence arguments that Appellant seeks to raise on appeal. Attorney Vidt sets forth her conclusion that an appeal on Appellant's behalf would be wholly frivolous and explains the reasons underlying that determination. She also supports her rationale with citations to the record, as well as relevant case law. Finally, Attorney Vidt includes a letter she sent to Appellant informing him of his right to raise any additional points that he deems worthy, and that he may do so *pro se* or retain new counsel to

pursue the appeal. Therefore, we conclude that Attorney Vidt has complied with the requirements of **Anders/Santiago**. Accordingly, we will now independently review the merits of Appellant's assertions, and also determine whether there are any other issues he could arguably present on appeal. **See Daniels**, 999 A.2d at 594.

Our review of Appellant's PSM and Rule 1925(b) statement convinces us that the precise arguments he seeks to assert on appeal are waived. A weight of the evidence claim must be raised with specificity both in a post-sentence motion and a Rule 1925(b) statement in order to preserve it for our review. **See Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011) ("[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal.") (internal quotation marks and brackets omitted); **Commonwealth v. Hitner**, 910 A.2d 721, 733 n.17 (Pa. Super. 2006) (finding a weight of evidence claim preserved where the appellant "raised his *specific* weight of the evidence claims in his post-sentence motion and court-ordered [Rule] 1925(b) statement") (citations omitted; emphasis added). Here, Appellant presented specific arguments in both his PSM and Rule 1925(b) statement; however, his arguments in those two documents are inconsistent. Consequently, the claims presented in Appellant's Rule 1925(b) statement are waived because he failed to raise them in his PSM. **See Commonwealth v. Lincoln**, 72 A.3d 606, 610 (Pa. Super. 2013) (citing **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008)

(stating "for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court")). Likewise, the claims Appellant presented in his PSM are waived because he did not raise them in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Because Appellant failed to preserve his weight of the evidence claims for our review, and because we ascertain no other issues of arguable merit that he could raise on appeal, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014