J-S66009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND NAVARO BOWMAN, | |
| Appellant | No. 577 MDA 2014 |

Appeal from the Judgment of Sentence Entered March 3, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004042-2011

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED OCTOBER 22, 2014**

Appellant, Raymond Navaro Bowman, appeals from the judgment of sentence of an aggregate term of five to ten years' incarceration, imposed after he pled guilty to possession with intent to deliver, possession of drug paraphernalia, and two counts of person not to possess a firearm.  Appellant essentially seeks to argue on appeal that his plea counsel provided him with incorrect information and deceived him into pleading guilty.  Additionally, Appellant's current counsel, Christopher P. Lyden, Esq., seeks permission to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and amended in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful

review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Appellant entered a negotiated guilty plea to the above stated offenses on March 3, 2014.[1] He was sentenced in accordance with his plea agreement to an aggregate term of five to ten years' incarceration. Appellant did not file a post-sentence motion. On March 6, 2014, Appellant filed a *pro se* "Motion to Appeal Guilty Plea." Therein, he stated that he wished to appeal because (1) his plea counsel "deceived him" during the plea process, (2) counsel failed to help "him form a more solid decision" regarding whether to plead guilty, (3) Appellant "was not given information that could have [aided] him if in fact he chose to go forward with a trial[,]" (4) Appellant was not provided with "sound counsel," and (5) his plea counsel "played on [Appellant's] ignorance [in] the law and misinformed him about search warrants and how they are to be applied and carried out." Motion to Appeal, 3/6/14, at 1-2 (unnumbered). Attorney Lyden was thereafter appointed to represent Appellant and he filed a timely notice of appeal on March 26, 2014.[2] However, Attorney Lyden subsequently filed a

_____

[1] At the same time, Appellant pled guilty to possession with intent to deliver and possession of drug paraphernalia in an unrelated case, docketed at 4437 of 2012. He was sentenced in that case to an aggregate term of incarceration of two to four years, which was imposed to run concurrently with the sentence imposed in the instant case, docketed at 4042 of 2011.

[2] Attorney Lyden only filed a notice of appeal in the case docketed at 4042 of 2011, not in the case docketed at 4437 of 2012.

petition to withdraw and **Anders** brief with this Court, claiming that an appeal on Appellant's behalf is utterly frivolous.

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)). In **Santiago**, our Supreme Court altered the requirements for counsel to withdraw under **Anders**. Thus, pursuant to **Anders/Santiago**, in order to withdraw from an appeal, counsel now must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citing **Santiago**, 978 A.2d at 361). "Counsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014).

> Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

> ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Orellana***, 86 A.3d at 880. Once we are satisfied that counsel has met these technical requirements, this Court must then conduct its own review of the record and independently determine whether the appeal is, in fact, wholly frivolous. ***See Daniels***, 999 A.2d at 594.

Instantly, Attorney Lyden's ***Anders*** brief substantially complies with the above-stated requirements for withdrawal. While Attorney Lyden provides few citations to the record or pertinent legal authority, he does provide an adequate summary of the procedural history of Appellant's case and a brief discussion of the issues raised in Appellant's *pro se* "Motion to Appeal Guilty Plea." Ultimately, Attorney Lyden concludes that Appellant's issues, and any other claims regarding the validity of his guilty plea, must be framed as ineffective assistance of counsel claims and raised on collateral review pursuant to ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002). Accordingly, Attorney Lyden asserts that a direct appeal on Appellant's behalf is frivolous. Additionally, Attorney Lyden attached to his petition to withdraw a copy of a letter he sent to Appellant advising him that he has the right to retain new counsel, proceed *pro se*, and/or raise any issues he deems worthy of this Court's examination. Because Attorney Lyden substantially complied with the requirements for withdrawal, we will now independently review Appellant's claims, and also determine whether there are any other issues he could arguably present on appeal. ***See Daniels***, 999 A.2d at 594.

Initially, we agree with Attorney Lyden that the arguments Appellant raised in his *pro se* "Motion to Appeal Guilty Plea" are properly construed as challenges to the adequacy of his plea counsel's representation. Recently, in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Grant** that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. **Holmes**, 79 A.3d at 576. While the Court did identify specific circumstances under which ineffectiveness claims may be addressed on direct appeal, such circumstances are not present in the instant case. **See id.** at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Accordingly, the claims Appellant raised in his *pro se* "Motion to Appeal Guilty Plea" may only be presented in a PCRA petition after the conclusion of this appeal.

Additionally, our review of the guilty plea/sentencing transcript reveals no other issues that Appellant could raise on direct appeal. Appellant's plea counsel did not object to the validity of Appellant's plea during the oral

colloquy or in a post-sentence motion. Thus, Appellant has not preserved any challenge to the validity of his plea for our review.[3] Moreover, Appellant entered a negotiated plea agreement, and the court imposed the agreed-upon sentence. Thus, Appellant has waived his right to challenge the discretionary aspects of his sentence. *See Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994) (citing *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) ("Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence.")). Finally, we ascertain nothing illegal about the sentence Appellant received. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

---

[3] *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013) (indicating challenges to the validity of a guilty plea "must be raised by motion in the trial court in order to be reviewed on direct appeal") (quoting *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008)).

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2014