**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Charles SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 4, 1997.
Filed Sept. 18, 1997.

Walter J. McHugh, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before FORD ELLIOTT, SCHILLER and HOFFMAN, JJ.

SCHILLER, Judge.

Appellant, Charles Smith, appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of robbery and related offenses. We deny counsel's motion to withdraw and direct counsel to file a new brief to this Court.

FACTS:

On February 17, 1996, at approximately midnight, appellant and another individual approached two young women at Broad and Susquehanna Streets in Philadelphia. Appellant approached the women with his hands in his pockets, and, claiming that he had a gun, demanded their money and threatened to kill them. The women gave appellant all of their money, which totalled $21.00. Appellant and the other individual then left the scene. Upon reporting the incident to a police officer, the two women spotted appellant and the other individual outside a restaurant, at which time they were arrested.

On September 13, 1996, following a bench trial, appellant was convicted of two counts each of robbery,[1] receiving stolen property,[2] terroristic threats,[3] possessing instruments of crime,[4] and simple assault.[5] He was sentenced on the robbery convictions to a term of imprisonment of time previously served to twenty-three months, plus one year probation; no sentences were imposed for the other crimes.[6] This appeal followed. Before this Court, appellant's counsel, who also represented appellant at trial, has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), whereby counsel argues that this appeal is frivolous and moves to withdraw.

DISCUSSION:

■ In his brief, appellant's counsel raises one issue: "whether there are any issues of arguable merit presently before this Court?"

■ Appellant's counsel seeks to withdraw under *Anders* and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). To be permitted to withdraw pursu-

---

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 3925.

3. 18 Pa.C.S. § 2706.

4. 18 Pa.C.S. § 907.

5. 18 Pa.C.S. § 2701.

6. At the time of the sentencing, appellant was paroled, having previously served six months.

ant to *Anders* and its progeny, counsel must: 1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, it has been determined that the appeal would be frivolous; 2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a no merit letter or amicus curiae brief; and 3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. Townsend*, 693 A.2d 980 (Pa.Super. 1997).

 When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Fischetti*, 447 Pa.Super. 381, 669 A.2d 399 (1995). It is only after all of the requirements attendant to counsel's request to withdraw are satisfied that we will make a full examination of the proceedings in the lower court and render an independent judgment whether the appeal is in fact "frivolous." *Commonwealth v. Wilson*, 396 Pa.Super. 296, 578 A.2d 523 (1990); *Commonwealth v. Kennedy*, 417 Pa.Super. 154, 611 A.2d 1312 (1992).

Counsel has complied with the first and third requirements of *Anders*. Counsel in his brief has moved to withdraw,[7] and has stated that he has furnished appellant a copy of the brief and advised him of his rights in lieu of counsel's representation. However, counsel has failed to meet the second requirement of *Anders*. In his brief, appellant's counsel argues that there are no arguably meritorious issues that can be raised on appeal, and that therefore the appeal is frivolous. The argument section of the brief contends that the two issues appellant desired to raise, i.e. sufficiency and weight of evidence, have no merit. Counsel then explains how the evidence was sufficient to support the conviction and that the guilty conviction did not shock the conscience and therefore was not contrary to the weight of the evidence.

 A brief pointing out the flaws in the issues presented is not the proper form of an *Anders* brief, as this approach operates to deny a defendant the assistance of counsel. We remind counsel that:

> there are two purposes to be served by counsel's filing a brief that refers to anything in the record that might arguably support the appeal: (1) it gives the reviewing court a basis upon which to decide if the appeal is, in fact, frivolous, and (2) it gives indigent defendants "as nearly as is practicable" that which is guaranteed them under the Sixth and Fourteenth Amendments, the right to counsel (and, in the process, protects counsel from ineffectiveness allegations). If we were to accept a counsel's conclusion, that an appeal was wholly frivolous, without more, "counsel would become the 'court' determining the merits of a defendant's appeal." *Commonwealth v. McGeth*, [347 Pa.Super. 333] 342 n. 6, 500 A.2d [860,] 868 n. 6 (HOFFMAN, J., concurring). In any event, we perceive no conflict: counsel who honestly believes that an appeal is wholly frivolous need not argue as an advocate would, but need only set out the issues in brief "neutral" form in order that a reviewing court, in most instances this Court, can address the defendant's contentions. Furthermore, by counsel's not arguing against his or her client, a defendant will not be "sandbagged when the counsel appointed by one arm of the Government seems to be helping another to seal his doom." *Commonwealth v. Jones*, 451 Pa. 69, 75, 301 A.2d 811, 815 (1973) (*quoting Suggs v. United States*, 391 F.2d 971, 974 (D.C.Cir. 1968)).

*Commonwealth v. Thomas*, 354 Pa.Super. 87, 93, 511 A.2d 200, 202–03 (1986). See also *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974) (counsel's brief that was essentially an argument in support of affirmance did not satisfy *Anders*). While counsel need not raise issues if he believes there are none, he must set forth those issues that the defendant wishes to advance, as well as any other claims necessary to the effective appellate presentation of those issues. *Com-*

---

7. We note that while this is satisfactory, it is preferred that counsel file a separate petition to withdraw. *Commonwealth v. Fischetti*, 447 Pa.Super. 381, 669 A.2d 399 (1995).

monwealth v. Thomas, supra. It is sufficient if counsel "flags" those issues, and includes relevant case citations and references to the record. Id. The brief filed on this case does not comport with these requirements.

Much confusion by the criminal defense bar has arisen regarding the different requirements imposed on counsel seeking to withdraw from representation on direct appeal as opposed to post-conviction proceedings. In the hope of resolving this confusion, we emphasize the following: counsel seeking to withdraw from representation on direct appeal must satisfy the *Anders* requirements, whereas counsel seeking to withdraw from post-conviction representation under the Post Conviction Relief Act [PCRA][8] must satisfy the requirements of *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988)(*en banc*). The differences between these requirements are significant.

■ The *Finley* standards applicable to PCRA proceedings require counsel to file a "no merit" letter to the court, stating that after a review of the record, all of the issues the defendant desires to raise have no merit. *See generally Commonwealth v. White*, 449 Pa.Super. 386, 674 A.2d 253 (1996); *Commonwealth v. Bishop*, 435 Pa.Super. 211, 645 A.2d 274 (1994). Counsel is then required to explain how the issues are meritless, and, if the court agrees after its own review that the issues are meritless, counsel will be permitted to withdraw. Arguing against one's client's position is not only permissible under *Finley*, it is required. *Commonwealth v. White, supra* (counsel must explain why the issues lack merit).

■ In contrast, the *Anders* requirements to withdraw from representation on direct appeal are more stringent, and with good reason. A defendant has a constitutional right to a direct appeal, *see* Pa. Const. Art. V, § 9, and a constitutional right to counsel for his direct appeal. *See Douglas v. Cali-*

fornia, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Pa. Const. Art. I, § 9. No such constitutional right to post-conviction proceedings, or for counsel in post-conviction proceedings, exists. *See Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Commonwealth v. Beasley*, 544 Pa. 554, 678 A.2d 773 (1996), *cert. denied*, — U.S. —, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997).[9] Due to these constitutional concerns, it is incumbent upon counsel seeking to withdraw to afford the defendant competent representation, and not to argue against his client's interests. As the United States Supreme Court stated, "[counsel's] role as advocate requires that he support his client's appeal to the best of his ability." *Anders, supra*, at 744, 87 S.Ct. at 1400. To do otherwise, to allow counsel to argue against his client's interests by filing a "no merit" brief, would be to deny the defendant his constitutional right to competent counsel for his direct appeal. *Commonwealth v. Thomas, supra*.

In accordance with this standard, counsel seeking to withdraw under *Anders* is required to flag any issues that the defendant wishes to raise, as well as any other claims necessary to the effective appellate presentation of those issues. *Commonwealth v. Thomas, supra*. However, in *Finley*, counsel's duty of review is satisfied by addressing the issues the defendant wishes to raise. As this Court has held:

> *McClendon* [*Anders* ] requires that counsel review the record for **any** available claims an indigent appellant might have. Indigent appellants are not generally equipped with the knowledge of the law required to discern what constitutes error and what does not. Consequently, it is incumbent upon court appointed counsel to review the record generally and not solely with respect to those issues which an unlearned, indigent appellant has set forth.

*Commonwealth v. Fischetti, supra*, at 386, 669 A.2d at 401 (quotation and citation omitted). After flagging the issues, counsel must

---

**8.** Act of April 13, 1988, as amended, P.L. 336, No. 47, § 3, 42 Pa.C.S. § 9541 *et seq.*

**9.** We note that a defendant in Pennsylvania, by virtue of the grace of the Pennsylvania Supreme

Court, has a right to counsel in a first PCRA proceeding. Pa.R.Crim.P. 1504; *Commonwealth v. Peterson*, 453 Pa.Super. 271, 683 A.2d 908 (1996).

aver as an officer of this Court that after a thorough review the appeal is frivolous, which is a higher standard than that imposed by *Finley*. *See generally Commonwealth v. Oakes*, 453 Pa.Super. 224, 683 A.2d 681 (1996); *Commonwealth v. Heron*, 449 Pa.Super. 684, 674 A.2d 1138 (1996).[10] This approach affords counsel an opportunity to withdraw from a frivolous appeal, while at the same time assuring the court that the defendant received the competent representation of counsel to which he is constitutionally entitled.

Counsel in this case has failed to comply with the requirements of *Anders*. Thus we are compelled to deny counsel's motion to withdraw, and direct counsel to file a new brief before this Court. But we remind counsel that he must do it right, according to the requirements imposed by the cases.[11]

CONCLUSION:

Counsel for appellant has not satisfied the requirements for withdrawal under *Anders*.

Accordingly, the motion to withdraw is denied. Counsel is directed, within thirty (30) days of the date of this decision, to file an advocacy brief on behalf of appellant, or file a request in compliance with *Anders v. California, supra*, and *Commonwealth v. McClendon, supra*. Panel jurisdiction retained.[12]

---

10. This Court has repeatedly held that frivolous is not the same as meritless; "[a]n appeal is frivolous where it lacks any basis in law or fact." *Commonwealth v. Fischetti*, 447 Pa.Super. 381, 385 n. 2, 669 A.2d 399, 401 n. 2 (1995). *Accord Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Green*, 355 Pa.Super. 451, 513 A.2d 1008 (1986).

11. Somebody said that it couldn't be done,
But he with a chuckle replied
That "maybe it couldn't" but he would be one
Who wouldn't say so till he'd tried.

So he buckled right in with the trace of a grin
On his face. If he worried he hid it.
He started to sing as he tackled the thing.
That couldn't be done, and he did it.
Edgar A. Guest, *It Couldn't Be Done*.

12. Our decision to retain jurisdiction is pursuant to this Court's internal operating procedures that have been revised since previous decisions such as *Commonwealth v. Beasley*, 391 Pa.Super. 287, 570 A.2d 1336 (1990), where Superior Court jurisdiction was retained but panel jurisdiction was relinquished.