J-S79031-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| COSIL CHILDS, | : | |
| | : | |
| Appellant | : | No. 1136 EDA 2014 |

Appeal from the Judgment of Sentence Entered May 16, 2013,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0005497-2012

BEFORE:    ALLEN, OLSON, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 19, 2015**

Cosil Childs (Appellant) appeals from the judgment of sentence entered after a jury found him guilty of criminal attempt to acquire or obtain possession of a controlled substance (oxycodone) by misrepresentation. In addition, Appellant's counsel seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

Appellant was found guilty of the aforementioned crime on April 17, 2013, following a two-day jury trial. On May 16, 2013, Appellant was sentenced to five to ten years' incarceration. Appellant timely filed a post-sentence motion, which the trial court subsequently denied. Appellant did not file a notice of appeal.

---

*Retired Senior Judge assigned to the Superior Court.

On October 21, 2013, Appellant timely filed *pro se* a petition pursuant to the Post Conviction Relief Act (PCRA),[1] requesting reinstatement of his direct appeal rights *nunc pro tunc*. The lower court appointed PCRA counsel, who then filed an amended petition seeking reinstatement of Appellant's direct appeal rights *nunc pro tunc* on March 6, 2014. On or about March 24, 2014, the lower court granted the petition.

On April 4, 2014, Appellant filed a notice of appeal to this Court from his judgment of sentence. On April 8, 2014, the lower court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, counsel filed a statement, pursuant to Pa.R.A.P. 1925(c)(4), of his intent to withdraw his representation of Appellant. The trial court then filed a Pa.R.A.P. 1925(a) opinion.

As a preliminary matter, we address counsel's application to withdraw before reaching the merits of the issues raised in the brief. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("When faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

---

[1] 42 Pa.C.S. §§ 9541-9546.

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. …

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has expounded further upon the requirements of **Anders**:

in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's application to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the above requirements.[2] "We, therefore, turn to the issue presented in counsel's ***Anders*** brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa. Super. 2012).

In his brief, Appellant's counsel states one issue that might arguably support an appeal: "Whether a mistrial should have been declared after the prosecutor repeatedly referred to [Appellant] in [*sic*] a liar during closing arguments?" ***Anders*** Brief at 3.

Under Pennsylvania Rule of Appellate Procedure 302, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Instantly, Appellant's trial counsel failed to object to the prosecutor's statements made during closing argument and thus, Appellant has waived this issue. ***See Commonwealth v. Andrulewicz***, 911 A.2d 162, 168 (Pa. Super. 2006) (holding appellant's claim that "Commonwealth counsel committed prosecutorial misconduct in her closing argument to the jury by continuously vouching for the credibility and veracity of the Commonwealth's witnesses" was waived on appeal because "[a] review of the record reveal[ed] that trial counsel failed to

---

[2] Appellant has not responded to counsel's application to withdraw.

object to the complained of statements"). An issue that is waived is frivolous. *See **Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008). Therefore, we conclude that Appellant's issue is frivolous.

Accordingly, we affirm Appellant's judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/19/2015