J-A01045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.S. A/K/A D.D.G.S., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.S., FATHER | : : : : : : | |
| | : | No. 1836 EDA 2017 |

Appeal from the Order Entered May 11, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No(s):  CP-51-AP-0000440-2017,
CP-51-DP-0000647-2017

BEFORE:   LAZARUS, J., OTT, J., and PLATT\*, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 08, 2018**

Father ("R.S.") appeals from the decree in the Court of Common Pleas of Philadelphia County that involuntarily terminated his parental rights to his son, D.S. a/k/a D.D.G.S. ("Child"), born in December of 2014, and the order that changed Child's placement goal to adoption.  Father's court-appointed counsel, Michael J. Graves, Jr., Esquire, has filed a petition for leave to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we deny counsel's petition and remand this case for a compliant **Anders** brief or an advocate brief.

The record reveals the following facts and procedural history.  On March 8, 2017, the Philadelphia Department of Human Services ("DHS") received a

_____

\* Retired Senior Judge assigned to the Superior Court.

report alleging that F.H. ("Mother") jumped out of a second floor window with Child in her arms while under the influence of phencyclidine. The report further alleged that the Child suffered an orbital fracture, head bleeding, brain bleeding, and multiple skull fractures. It is undisputed that, at the time of this incident, Father did not reside with Mother and Child.

The trial court placed Child in the emergency protective custody of DHS on March 13, 2017, upon his discharge from the hospital. By order dated March 24, 2017, following a hearing attended by Father and his counsel, Attorney Graves, *inter alia*, the trial court adjudicated Child dependent, and set his placement goal as return to parent. The court granted Father supervised visits at the agency "when . . . [C]hild is medically cleared. . . ." Order, 3/24/17. Further, the court placed Child in kinship care. ***Id.***

By separate order dated March 24, 2017, the trial court found aggravated circumstances existed as to Father because his parental rights to two older children were involuntarily terminated by decrees dated July 21, 2016. ***See*** 42 Pa.C.S. § 6302 (Definitions); DHS Exhibit 7;[1] Trial Court

---

[1] DHS introduced separate exhibits during the subject proceedings with respect to the involuntary termination and goal change petitions. The foregoing exhibit is included in the certified record for docket no. CP-51-AP-0000440-2017.

- 2 -

Opinion, 9/14/17, at 2. The court determined that no efforts were to be made to reunify Child with Father.[2] Aggravated Circumstances Order, 3/24/17.

On April 18, 2017, DHS filed a petition for goal change to adoption. On the same date, DHS filed a petition for the involuntary termination of Father's and Mother's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (4), (5), (8), and (b).[3] A hearing on the petitions occurred on May 11, 2017, during which Child was represented by both a Child Advocate and a Guardian *Ad Litem* ("GAL"). DHS presented the testimony of Shakima Manning, case manager of the Community Umbrella Agency. Further, DHS introduced seven exhibits related to the goal change petition and eight exhibits related to the termination petition, all of which the trial court incorporated into the record. Father testified on his own behalf.

At the conclusion of the evidence, the GAL stated on the record in open court that DHS's case for the involuntary termination of Father's parental rights is "on very shak[]y grounds." N.T., 5/11/17, at 34. The GAL explained, "[U]nder [Section 2511(a)(2)], I think it's significant that dad became aware

---

[2] Section 6341(c.1) of the Juvenile Act provides, in part, "If the court finds from clear and convincing evidence that aggravated circumstances exist, the court shall determine whether or not reasonable efforts to . . . preserve and reunify the family shall be made or continue to be made and schedule a hearing as required in section 6351(e)(3) (relating to disposition of dependent child." 42 Pa.C.S. § 6341(c.1).

[3] In both petitions, DHS erroneously asserted that Child was adjudicated dependent on March 24, 2016, and that he was in the custody of DHS since March 13, 2016. *See* Goal Change Petition, 4/18/17, at ¶ 5; Involuntary Termination Petition, 4/18/17, at ¶ 5.

that mom was not a safe parent and by his testimony at least actually went to her to ask her for custody and he did have a safe place [for Child to live] [by] his own testimony." ***Id.*** The Child Advocate disagreed with the GAL and stated on the record in open court,

> I think dad's testimony demonstrates that he hasn't met this child's basic needs, he at best has seen this child six times since this child came into care. There's been no testimony that he provides financial support for this child, that he has bought the child presents, that he [ha]s even really attempted to outreach to be a father for this child. And I think based on that, I think that as the child's attorney advocate that this child should stay where he is.

***Id.*** at 35.

By order dated and entered on the May 11, 2017, the trial court changed Child's placement goal to adoption. In addition, by decree dated and entered on the same day, the trial court involuntarily terminated Father's and Mother's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b).

Father, through counsel, timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Mother did not file a notice of appeal from the goal change order or the involuntary termination decree. On September 14, 2017, the trial court filed its Rule 1925(a) opinion. On October 15, 2017, Attorney Graves filed a petition for leave to withdraw as counsel and an ***Anders*** brief.[4]

---

[4] Neither the GAL nor the Child Advocate filed an appellee brief.

We may not address the merits of the appeal without first reviewing the request to withdraw. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa. Super. 1997)). Therefore, we review Attorney Graves' petition at the outset.

In ***In re V.E.***, 611 A.2d 1267 (Pa. Super. 1992), this Court extended the ***Anders*** principles to appeals involving the termination of parental rights.[5] In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court explained, "the major thrust of ***Anders*** . . . is to assure that counsel undertakes a careful assessment of any available claim that an indigent appellant might have." ***Id.*** at 358. The Court stated that this "is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an independent determination of the merits of the appeal." ***Id.***

In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has determined that the appeal is frivolous; 2) furnish a copy of the ***Anders*** brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise, *pro se*, additional arguments that the appellant

---

[5] Likewise, this Court has routinely applied the ***Anders*** procedure to appeals from goal change orders, when the appellant is also appealing from an involuntary termination decree. ***See In re J.D.H.***, 171 A.3d 903, 905 (Pa. Super. 2017).

- 5 -

deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Additionally, an *Anders* brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In his petition to withdraw, Attorney Graves fails to state that, after making a conscientious examination of the record, he has determined that the appeal is frivolous. Counsel did attach a copy of his letter to Father, wherein he stated that he has enclosed a copy of his brief, and he advised Father that he has "the right to retain new counsel or proceed pro se." Petition, 10/15/17. However, counsel failed to explain to Father that proceeding *pro se* means

that he may raise additional arguments that he deems worthy of this Court's attention.

In his **Anders** brief, Attorney Graves provides a summary of the procedural history and facts with some citations to the record. However, counsel fails to refer to anything in the record that he believes arguably supports the appeal.[6] Specifically, counsel fails to refer us to the record evidence that DHS filed the subject petitions five weeks after Child was placed and 25 days after he was adjudicated dependent. In fact, Attorney Graves erroneously states, "the evidence showed that the child had been in placement for over a year. . . ." **Anders** brief at 16. We conclude that the short time Child has been in placement arguably supports the appeal from the goal change order.

_____

[6] Attorney Graves raises the following issues in his **Anders** brief:

- In accordance with Anders v. California, is there anything in the record that might arguably support the appeal that upon independent review of the record the court should conclude that the appea[l] is not wholly frivolous?

  - Whether there was a legal basis for terminating Father's parental rights pursuant to 23 Pa.C.S.A. [§] 2511(a)(1), (a)(2), (a)(5), (a)(8), and (b) [and] to change goal from reunification to adoption[?]

**Anders** brief at 6 [unnecessary capitalization omitted].

It follows that Attorney Graves fails in his **Anders** brief to refer to the same record evidence which arguably supports the appeal from the termination decree under Section 2511(a)(1), as the statutory time frame has not been satisfied in this case. In addition, counsel fails to refer to the trial court's Rule 1925(a) opinion wherein the court erroneously stated that Child "had been in care for at least thirty (30) months."[7] Trial Court Opinion, 9/14/17, at 4.

Further, counsel fails to refer to the GAL's closing argument wherein she stated that DHS's case for the involuntary termination of Father's parental rights under Section 2511(a)(2) is "on very shak[]y grounds." N.T., 5/11/17, at 34. Counsel fails to refer to Father's testimony on cross-examination upon which the GAL based her opinion. Specifically, Father testified that he asked Mother to let him take Child a few days before the incident that led to Child's injuries because he was concerned about Child's safety. **See** N.T., 5/11/17, at 31. Father continued on cross-examination:

Q. [A]t the time you asked for custody, did you have a place to stay with Child?

A. Yes, yes, my aunt's house.

Q. And there was room for him to be with you safe?

---

[7] We presume that the trial court confused Child's dependency with those of his two older siblings, both of whom were both placed in May of 2013, and to whom Father's parental rights were terminated by decrees dated July 21, 2016. **See** docket no. CP-51-AP-0000647-2017, at DHS Exhibits 6-7; **see also** docket no. CP-51-AP-0000440-2017, at DHS Exhibit 7.

A. Yes.

*Id.* at 32.

Finally, counsel fails to refer to the record evidence that Child was not removed from Father, but from Mother, which arguably supports the appeal from the termination decree under Section 2511(a)(5) and (8). *See In re C.S.*, 761 A.2d 1197 (Pa. Super. 2000) (*en banc*) (stating that Section 2511(a)(5) and (8) did not provide a basis for terminating the father's parental rights when he was incarcerated at the time of the child's removal from the mother's care).

In his *Anders* brief, Attorney Graves states, "after making a conscientious examination of the record including a review of all the notes of testimony, he has determined that an appeal would be wholly frivolous and that the only course of action is to seek leave from this Court to withdraw." *Anders* brief at 10. However, counsel fails to "articulate the relevant facts of record, controlling case law, and/or statutes on point" that led to his conclusion. *Santiago*, 978 A.2d at 361.

Based on the foregoing, we are not persuaded that Attorney Graves fully performed his duty as Father's counsel "to conduct an exhaustive examination of the record" for the purpose of "uncovering appealable error, before concluding that" Father's appeal was frivolous. *Santiago*, 978 A.2d at 358, 360. Therefore, we conclude that the *Anders* brief is insufficient.

Accordingly, we deny counsel's petition for leave to withdraw and remand this case. On remand, the trial court shall have seven days to either appoint new counsel or direct current counsel to continue on this case. The trial court must then inform the Prothonotary of this Court regarding the identity of Father's counsel. The Prothonotary of this Court shall subsequently establish a new briefing schedule for the parties, and Father's counsel shall file either a compliant ***Anders*** brief or an advocate brief.

Petition denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/18