J-S45035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ADAM EUGENE PITTINGER | : | |
| | : | |
| Appellant | : | No. 1638 MDA 2017 |

Appeal from the Judgment of Sentence May 3, 2017
in the Court of Common Pleas of Berks County
Criminal Division at Nos:  CP-06-CR-0003857-2016
CP-06-CR-0004111-2016
CP-06-CR-0004322-2016
CP-06-CR-0005452-2016

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                 **FILED OCTOBER 18, 2018**

Appellant, Adam Eugene Pittinger, appeals from the judgment of sentence imposed following his open guilty plea to three counts of felony burglary in the first degree and one count of misdemeanor theft in the first degree.   Specifically, Appellant challenges the denial of his *pro se* post-sentence motions to withdraw his guilty plea, and for a reduction of sentence. Appellant's counsel has filed an ***Anders***[1] Brief, concluding Appellant's claims

---

[1] ***Anders v. State of Cal.***, 386 U.S. 738 (1967).  To date, Appellant has not responded to the petition to withdraw.

---

\*   Retired Senior Judge assigned to the Superior Court.

are wholly frivolous, and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

This case returns to us after a remand to supplement the certified record with transcripts of the guilty plea and sentencing hearing.[2] The procedural history of this case is both complex and convoluted, not the least because of Appellant's multiple efforts to engage in representing himself, resulting in impermissible hybrid representation. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("Therefore, we reiterate that the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion.").

Nevertheless, we find that on careful review, the underlying procedural facts are not in substantial dispute. On the morning of trial, May 3, 2017, facing **twenty-four** counts of felony burglary and related charges, Appellant, a repeat felon, agreed to an open guilty plea to substantially reduced charges, three counts of felony burglary, and one count of misdemeanor theft in the first degree. (**See** Trial Court Opinion, 1/17/18, at 1-2). Appellant signed a written plea agreement for each of the four counts, confirming that he was pleading of his own free will.

The court gave Appellant a significant amount of time to make a statement. (**See** N.T. Guilty Plea and Sentence, 5/03/17 at 12-18). In an

---

[2] We thank the trial court for its prompt and helpful cooperation.

extended discussion with the court, (during which Appellant tried briefly but unsuccessfully to obtain a previous plea bargain he claimed he had been offered), he mostly made a request for one more chance to address his crack cocaine and alcohol problems.

That same day the court imposed an aggregate sentence of not less than seventy-two nor more than two-hundred-forty months of incarceration (six to twenty years' imprisonment). The trial court had the benefit of a pre-sentence investigation report (PSI), which included Appellant's prior criminal record of nineteen burglary convictions. (**See id.** at 11). Based on the negotiated plea, the Commonwealth *nolle prossed* the remaining charges

After sentencing, Appellant filed a *pro se* post-sentence motion to withdraw his plea of guilty, claiming coercion and ineffectiveness of plea counsel. He also filed a motion to reduce sentence. The trial court initially dismissed both motions, noting the hybrid representation issue because the Appellant was still represented by counsel from the Public Defender's Office. (**See** Order, 9/19/17 at 1 n.1).

Counsel filed a motion to withdraw. The trial court granted the motion to withdraw and appointed conflict counsel, John Fielding, Esq. as a substitute. After a hearing, at which Appellant was represented by Attorney Fielding, the court denied Appellant's motions. (**See id.**). Despite being represented,

Appellant filed a notice of appeal *pro se* (Notice of Appeal, 10/20/17).[3] The trial court filed and sent an order for a Statement of Errors, (apparently, directly to Appellant, even though he was still represented by Attorney Fielding as counsel of record). (**See** Order, 10/30/17). Appellant responded *pro se*.[4] The trial court notes that the response was untimely. (**See** Trial Ct. Op., at 3).

Conflict counsel filed an **Anders** brief, and a petition to withdraw. We find no indication in the record that Appellant filed a response to the **Anders** brief, or raised any additional claims.

The **Anders** brief presents two questions for review:

> A. Did the trial court erred (sic) in denying the post sentence motion on September 19, 2017, regarding:
>
> > 1. Appellant's Motion to Withdraw Guilty Plea, because he did not receive the bargained-for sentence; and
> >
> > 2. Appellant's Motion to Modify Sentence to the bargained-for sentence?
>
> B. Were prior counsels Yessler, Litvinov, and MacBeth of the Berks County Public Defender's Office ineffective in their representation of the Appellant by:
>
> > 1. Failing to give Appellant a copy of his discovery;

---

[3] We decline to quash this appeal for failure to comply with Pa.R.A.P. 341. **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), decided June 1, 2018, mandates strict compliance with Rule 341. However, it only applies to future cases. **See id.** at 977. **Walker**, therefore, by its terms, is not controlling.

[4] On diligent review, we are unable to locate in the record Attorney Fielding's statement of intent to file an **Anders**/**McClendon** brief in *lieu* of filing a statement of errors. **See** Pa.R.A.P. 1925(c)(4).

2. Failing to file timely motions;
3. Failure of counsel to communicate with Appellant;
4. Waiving Appellant's rights without consultation or consent;
5. Failure to offer a vigorous defense;
6. Making false promises to, and using coercion against, Appellant?

(**Anders** Brief, at 4).

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997) (citation omitted). To be permitted to withdraw pursuant to **Anders**, counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. **See id.**

"After establishing the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super.1997) (citation omitted).

Here, we conclude that counsel has substantially complied with all of the requirements of **Anders**. In his petition and brief, counsel indicated he made

a conscientious examination of the record, determined the appeal would be wholly frivolous, confirmed that he had furnished Appellant with a copy of the brief, and stated that he advised Appellant of his rights regarding representation. Moreover, counsel has provided this Court with a proper ***Anders*** brief discussing the issues. Accordingly, we conclude that counsel has substantially complied with the requirements for an ***Anders*** brief.

Therefore, we shall proceed to an independent evaluation of the record in order to determine the accuracy of counsel's averment that this appeal is wholly frivolous.

Preliminarily, on independent review, we note that any issues intended to be raised by Appellant *pro se* are waived for failure to comply timely with Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). Appellant presents no evidence in support of compliance with the Prisoner Mailbox Rule. (***See*** Trial Ct. Op., at 3 n.3).

Next, we conclude that Appellant's first issue, as embodied in the ***Anders*** statement of questions involved, including both sub-questions, are not only without merit, but unsupported by the record. On independent review of the record, we conclude that there was no "bargained for sentence."

To the contrary, it is abundantly clear, as noted by the trial court, that Appellant entered an open plea. (***See*** Trial Ct. Op., at 1). Except for one brief, passing reference to a previous plea offer, Appellant's entire lengthy,

rambling statement to the sentencing court focusses on his accounts of personal misfortune and multiple relapses into drug addiction. Appellant's first issue is without merit and wholly frivolous.

We reject Appellant's second issue, claims of ineffective assistance of his numerous counsel, without prejudice to his raising and preserving them for consideration on collateral review. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), *clarified on denial of reargument,* 821 A.2d 1246 (Pa. 2003). ("petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review") (footnote omitted).

Appellant's claims are wholly frivolous. On independent review of the record, we find no other non-frivolous claims warranting review on the merits.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2018