**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAY MICHAEL ENGLEHART | |
| Appellant | No. 171 MDA 2019 |

Appeal from the PCRA Order entered December 18, 2018
In the Court of Common Pleas of the 39th Judicial District
Franklin County Branch
Criminal Division at No: CP-28-CR-0001908-2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:　　　　　　　　**FILED AUGUST 08, 2019**

Appellant, Jay Michael Englehart, appeals from the order entered on December 18, 2018 in the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, which denied his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Counsel has filed a brief and petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  For the reasons explained below, we grant counsel's petition to withdraw and dismiss the appeal.

The factual and procedural backgrounds are not at issue here.  Briefly, on August 1, 2017, Appellant was charged with, *inter alia*, driving under the influence.  On February 22, 2018, Appellant entered into a negotiated plea with the Commonwealth.  Pursuant to the plea, Appellant pled guilty to driving

under the influence, high rate, second offense. In turn, it was agreed Appellant would be sentenced to a six-month term of intermediate punishment.

On the day of sentencing, March 28, 2018, Appellant sought to withdraw his plea. In response, the trial court rescheduled Appellant's sentencing to April 18, 2018. On April 18, 2018, represented by new counsel, Appellant renewed his request to withdraw his plea. The trial court continued the sentencing hearing generally, and scheduled a hearing on Appellant's withdrawal of plea request for May 18, 2018. After holding a hearing on that day, the trial court, on May 22, 2018, entered an order denying his request, and scheduled the sentencing hearing for June 6, 2018. On that day, the trial court sentenced Appellant to a six-month term of intermediate punishment.

On June 7, 2018, Appellant *pro se* filed a PCRA petition, alleging, *inter alia*, ineffective assistance of counsel.[1] After appointing counsel for Appellant, the PCRA court held a hearing on Appellant's PCRA petition on October 5, 2018.

After considering the parties' arguments and briefs, the PCRA court, on December 18, 2018, entered an order denying Appellant's PCRA petition.

On January 8, 2019, counsel filed a petition to withdraw as counsel and a notice of appeal from the order denying Appellant's PCRA petition. On January 9, 2019, the PCRA court denied counsel's petition and ordered the

---

[1] The PCRA petition was supplemented on July 24, 2018.

filing of a concise statement of errors complained of on appeal. On January 31, 2019, Appellant filed his concise statement raising three claims of ineffective assistance of counsel.

On March 18, 2019, counsel filed an **Anders** brief, and, on March 20, 2019, filed an application to withdraw as counsel. On the same day, Appellant *pro se* filed an answer to counsel's **Anders** brief.

We first review counsel's request to withdraw. **See Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) ("'When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw'") (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)). Here, counsel's application to withdraw is barely adequate to meet the **Anders/Santiago** requirements.[2] Despite some deficiencies in complying with the **Anders/Santiago** procedure, counsel recognized that we have "no jurisdiction" to entertain this appeal because Appellant is no longer serving

---

[2] This is an appeal from denial of PCRA relief. Counsel filed an **Anders** brief, as opposed to a **Turner/Finley** letter. Generally, we accept an **Anders** brief in lieu of a **Turner/Finley** letter because an **Anders** brief provides greater protection to the defendant. Here, counsel provided a summary of the procedural history and facts, and stated that the instant appeal is frivolous because Appellant is not entitled to PCRA relief because his sentence has expired. Additionally, counsel stated that he sent a letter to Appellant informing him of his rights in connection with counsel's application to withdraw. Counsel stated that a copy of said letter was attached to the **Anders** brief and the petition to withdraw. Yet, neither filing provides proof of service on Appellant. Nonetheless, Appellant filed *pro se* a response to counsel's brief, which suggests that Appellant received the **Anders** brief. **See** Appellant Pro Se Response to Anders Brief, 3/20/19, at 1.

the underlying sentence. In fact, while we have jurisdiction to entertain the instant appeal, we must nonetheless dismiss it because Appellant does not meet the PCRA eligibility requirements.

To be eligible for relief under the PCRA, a petitioner must be either "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006) (noting that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition"), and *Commonwealth v. Matin*, 832 A.2d 1141 (Pa. Super. 2003) ("A petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed."). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. *Id.* To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. *Id.*

Here, based on our review of the record, Appellant does not meet the foregoing eligibility requirements as he had completed his sentence of six months' intermediate punishment while this matter was still pending before the PCRA court.[3] Accordingly, the instant appeal must be dismissed. *See Ahlborn*, *supra*.

Counsel's petition to withdraw granted. Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2019

---

[3] As noted, the instant PCRA petition was filed on June 7, 2018, and denied on December 18, 2018, a few days after he had completed his sentence.

- 5 -