J-S19022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON LITTLE | : | |
| | : | |
| Appellant | : | No. 1137 EDA 2019 |

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007702-2010

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 03, 2020**

Jason Little (Appellant) appeals from the order of the Philadelphia Court of Common Pleas dismissing his initial, timely petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appointed counsel, Kevin T. Birley, Esquire (PCRA Counsel), has filed a brief, styled as an ***Anders*** brief, in which he argues that there are no arguably meritorious appellate claims.[2]  He also petitions to withdraw from the representation.  We affirm the PCRA court's denial of relief and grant PCRA Counsel permission to withdraw.

The relevant facts and procedural history are as follows:

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant's counsel has also filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  This is the wrong paradigm; in PCRA matters, ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) is the lodestar.  However, we find that PCRA Counsel has complied with ***Finley***.

On May 19, 2010, around 10:45 [p.m.], Sergeant [Daniel] Ayres and Police Officer [Michael] Tritz [came] to the 1100 block of North 66th Street [and] began surveying the area surrounding 66th, 67th, and Malvern Streets in a marked police vehicle. Around 11:00 [p.m.] they arrived on the 900 block of North 66th Street and observed [Appellant] having a casual conversation with two other males next to a gold Buick.

As soon as [Appellant] saw the police vehicle, he clutched the front pocket of his hoodie and began to walk northbound on 66th Street. Sergeant Ayres could not see inside [Appellant's] front pocket, but he could tell that [Appellant] was hiding something. When [Appellant] was about one to two houses behind the two men whom he had been talking with earlier, one of the men, later identified as Naiem Thomas, entered a row house located at 970 North 66th Street. At that time, the police officers were traveling southbound and Sergeant Ayres made a U-turn to get closer to [Appellant]. Sergeant Ayres then drove up next to [Appellant] and asked him to approach the vehicle. [Appellant] immediately ran past the second man he had conversed with earlier and went inside the house at 970 North 66th Street. The second man, who was not identified, was still standing outside on the steps. Throughout this encounter, [Appellant] continued to hold his hoodie with his right hand.

When [Appellant] fled into the house, Sergeant Ayres and Officer Tritz immediately exited the vehicle and pursued [Appellant]. They were unable to enter the house because the door was locked. To gain entry, they kicked down the front door. Before entering the property, Sergeant Ayres saw [Appellant's] shadow from the front bay window of the row house. Sergeant Ayres and Officer Tritz entered the residence about five to ten seconds after [Appellant's] entry. As they were entering the residence, Sergeant Ayres and Officer Tritz saw [Appellant] exiting the kitchen. Inside a woman and a young child were on one couch and an unidentified man was sitting on another couch. At that time, Mr. Thomas came downstairs from the second floor and started yelling. He also identified himself as the owner of the residence.

In an effort to diffuse the situation, Sergeant Ayres told Mr. Thomas that he knocked down the front door because he believed that [Appellant] was carrying a gun in his front waistband.

Sergeant Ayres also told Mr. Thomas that [Appellant] fled when they had asked him to stop. While Sergeant Ayres talked to Mr. Thomas, Officer Tritz stopped [Appellant] and patted him down for safety reasons. He did not detect a weapon on [Appellant's] person. Officer Tritz then took [Appellant] to the porch outside and recorded his biographical information, including his address at 2438 Montrose Street in Philadelphia.

When Mr. Thomas calmed down, Sergeant Ayres obtained his verbal consent to search the kitchen for firearms. Sergeant Ayres went into the kitchen and opened a cabinet above the refrigerator. When he looked inside the cabinet, he saw a sandwich bag containing an off-white chunky substance the size of a baseball. Believing that the substance was crack cocaine, Sergeant Ayres immediately seized the sandwich bag. After recovering the substance, Sergeant Ayres continued searching the remaining cabinets for a firearm, but did not find one.

Sergeant Ayres then proceeded to the living room, where he informed Mr. Thomas that narcotics were found in his kitchen cabinet. Mr. Thomas became irate and started screaming again. [Appellant] then turned to the officer and said, "[Y]ou're going to book me now so let's go." After Sergeant Ayres notified Officer Tritz that he had recovered narcotics, Officer Tritz arrested [Appellant].

Trial Ct. Op., 1/17/13, at 2-4 (citations to record omitted).

On January 26, 2012, Appellant was convicted by a jury of possession of a controlled substance with intent to deliver (PWID).[3] He was sentenced to seven and one-half to fifteen years of incarceration, with a five-year probationary tail. Appellant appealed, and this Court affirmed his judgment of sentence. **Commonwealth v. Little**, 2419 EDA 2012 (unpub. memo) (Pa. Super. Apr. 8, 2014), *appeal denied*, 99 A.3d 924 (Pa. Sept. 17, 2014). The

_____

[3] 35 P.S. § 780-113(a)(30).

Pennsylvania Supreme Court denied Appellant's petition for allocatur on September 14, 2017.

Appellant filed a *pro se* timely PCRA petition on April 17, 2015, less than one year after denial of his allocatur petition.[4] PCRA Counsel was appointed on January 4, 2017, and filed an amended petition on June 22, 2018, raising three ineffectiveness claims.[5] After issuing a notice of its intent to dismiss without a hearing per Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's PCRA petition on March 4, 2019. Appellant filed this timely appeal on April 3rd.[6]

Although PCRA Counsel filed an amended petition pressing the claims of ineffectiveness detailed herein, in this Court he has filed a petition to withdraw and a brief indicating that there are no meritorious issues to be pursued on

---

[4] ***See*** 42 Pa.C.S. § 9545(b) (with certain exceptions, petitions under the PCRA must be filed within one year of the date judgment becomes final, at the conclusion of direct review or the expiration of time for seeking such review).

[5] The Commonwealth urges us to find the first two of the issues analyzed herein to be waived, as they were not raised in an amended petition. Given the unusual posture of this case, in which PCRA Counsel filed an amended petition but has now made a filing indicating that there are no meritorious issues to be raised on Appellant's behalf, we will nevertheless analyze the merits of these issues. If counsel's skepticism as to the merits of an issue at some stage of the litigation were enough, on its own, to foreclose merits review, then there would be no issue preservation here. In an abundance of deference to due process concerns, we decline to find total waiver under these circumstances.

[6] ***See*** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").

appeal. Appellant has not responded to counsel's letter informing him of his right to proceed either on his own or with private counsel. The only issues that could be preserved for appellate review are those discussed in counsel's brief, styled as an *Anders* brief.[7]

As we conclude PCRA Counsel has complied with the requirements of *Turner* and *Finley*, we now conduct an independent review of the record and the issues raised.

We must review the PCRA court's findings and the evidence of record in a light most favorable to the Commonwealth as the winner at the trial level. *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011). To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that they are serving a sentence resulting from one of the

---

[7] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Finley*, 550 A.2d 213. PCRA Counsel erroneously seeks to withdraw under the *Anders* standard for withdrawal instead of *Turner* and *Finley*. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under *Anders*, but under *Turner* and *Finley*); *Commonwealth v. Smith*, 700 A.2d 1301, 1304 (Pa. Super. 1997) (counsel seeking to withdraw from representation on direct appeal must satisfy the *Anders* requirements, but counsel seeking to withdraw from representation under the PCRA must satisfy the requirements of *Turner* and *Finley*). Appellant has not responded to the petition to withdraw as counsel. We have reviewed counsel's petition, brief, and letter of no merit; because counsel has explained why all issues raised in the PCRA court lack merit, has adequately explained the nature and extent of his review of this case, and has made all required notifications to Appellant, we conclude that counsel has satisfied *Turner* and *Finley*. *See Wrecks*, 931 A.2d at 721-22.

statutory grounds for relief, and that none of the claims raised in their petition has been previously litigated or waived. 42 Pa.C.S.§ 9543(a).

The standard for ineffective assistance of counsel was first announced by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984), and adopted by our Supreme Court in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). When reviewing claims of ineffective assistance of counsel, courts must presume that counsel provided effective assistance. **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018). To overcome this presumption, courts applying **Strickland** require the defendant to plead and prove that (1) the claim has arguable merit; (2) counsel lacked any reasonable basis for the action or inaction; and (3) the petitioner suffered prejudice as a result. **Id.** Prejudice is established only where but for counsel's action or inaction, there was a reasonable probability that the proceeding would have had a different outcome. **Id.** at 150-51, *citing* **Strickland**, 466 U.S. at 689. "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." **Commonwealth v. Paddy**, 15 A.3d 431, 443 (Pa. 2011). The **Strickland** factors must not be applied mechanically:

> Although those principles should guide the process of decision, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

***Strickland***, 466 U.S. at 696; ***see also Commonwealth v. Diaz***, \_\_\_ A.3d \_\_\_, 2020 WL 1479846, at \*10 (Pa. Mar. 26, 2020).

Appellant alleged that Trial Counsel was ineffective for failing to object to the testimony of a police narcotics expert, who testified that the amount of drugs recovered could not have been for personal use and must have been for distribution. The brief submitted by PCRA Counsel reports that counsel could find no basis for objection, and a hired defense expert similarly confirmed that the testimony was sound and there was no basis to submit any countervailing opinion. The testifying expert opined that the recovered crack cocaine, which had a "bulk" or "wholesale" value of approximately $2,600 and a street value, if cut and packaged properly, in excess of $6,000, was for retail sale and not for personal use. N.T. 1/25/12, at 145-47. Trial Counsel did object to the expert testifying that, based on Appellant's unemployed status, he would be unlikely to be able to afford such a large amount of drugs for personal use. ***Id.*** at 21-24. The trial court overruled the objection, reasoning that the probative value outweighed any prejudicial impact the fact of Appellant's unemployed status might have. ***Id.***

After reviewing the expert testimony, we conclude that it is unobjectionable. Any impact it had was negligible given the quantity of cocaine involved — with such high quantities, one hardly need be an expert to determine that this was not for personal consumption.

Appellant also raised a claim that Trial Counsel was ineffective for failing to insist on a jury instruction for a lesser included offense of possessing an

illegal narcotic without the added element of intent to distribute.[8] Appellant raised this issue in his direct appeal, and this Court found it to be meritless. *See Little*, 2419 EDA 2012 (unpub. memo. at 12-16). As stated *supra*, claims that have been previously litigated may not form the basis of relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3).

Appellant also raised a claim that Trial Counsel was ineffective for failing to preserve a weight of the evidence claim in post-verdict motions. This Court reviews such claims for an abuse of discretion, and would not award relief unless the trial court palpably abused its discretion in ruling on the weight claim; the role of an appellate court in reviewing the weight of the evidence is limited. *Commonwealth v. Sanchez*, 36 A.3d 24, 39 (Pa. 2011). In reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (citations omitted).

It is difficult to imagine what evidence could outweigh the evidence of guilt in this case. The defense did not elicit testimony, and submitted minimal exhibits which were used only to test police testimony about the circumstances of Appellant's arrest. Especially in light of Appellant's apparent consciousness of guilt at the time of his arrest, such a claim would be

---

[8] Trial Counsel requested that the jury be instructed on the lesser included offense of knowingly or intentionally possessing a controlled substance, 35 P.S. § 780-113(a)(16). N.T., 1/25/12, at 167-72.

meritless. In order to establish that counsel was ineffective for failing to preserve the claim, Appellant must establish that the claim has arguable merit. **See Brown**, 196 A.3d at 150. Here, he cannot do so.

We thus agree with PCRA Counsel that Appellant has not presented any claim meriting relief. Accordingly, we grant PCRA Counsel's petition to withdraw from this representation and affirm the order dismissing Appellant's PCRA petition.

Order affirmed. Counsel's petition to withdraw granted.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>6/3/2020</u>