**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDERICK JOSEPH DECKER JR. | : | |
| | : | |
| Appellant | : | No. 1685 EDA 2019 |

Appeal from the PCRA Order Entered May 14, 2019
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000428-2014,
CP-52-CR-0000692-2014

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                              Filed: March 20, 2020

Fredrick Joseph Decker, Jr., appeals from the order, entered in the Court of Common Pleas of Pike County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Counsel also seeks to withdraw her representation on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and its progeny.[1]  After review, we are constrained to quash this appeal.

---

[1] Counsel erroneously seeks to withdraw under *Anders*, *supra*, instead of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).  *See Commonwealth v. Smith*, 700 A.2d 1301 (Pa. Super. 1977) (counsel seeking to withdraw on direct appeal must satisfy *Anders* requirements while counsel seeking to withdraw from post-conviction representation under PCRA must satisfy *Turner* and *Finley*).  We may, however, still review the petition to withdraw, because an *Anders* brief provides a defendant greater protection than a *Turner*/*Finley* letter.  *Commonwealth v. Widgins*, 29 A.3d 816 n.2 (Pa. Super. 2011).

On October 15, 1993, Decker was convicted of first degree sexual abuse in the state of New York. At the time of his conviction, New York had no registration requirements for sexual offenders. In 2014, Decker was charged under two separate criminal dockets in Pike County, Pennsylvania, stemming from his 1993 conviction in New York. On or about June 14, 2014, at docket number 428-2014, Decker was charged with failure to comply with registration of sexual offender requirements[2] and failure to verify address or photograph as required,[3] after Decker relocated from New York to Pennsylvania without notifying the Pennsylvania State Police of his change of address. On or about November 12, 2014, at docket number 692-2014, Decker was charged with failure to comply with registration of sexual offender requirements for failing to notify Pennsylvania State Police of his employment with Best Western Inn in Hunts Landing, Pennsylvania, where he allegedly worked from July 2004 to July 2014.

On or about January 8, 2015, the two criminal matters were consolidated pursuant to Pa.R.C.P. 582 (providing offenses charged in separate indictments may be tried together if evidence of each would be admissible in trial for the other and offenses are based on same act). Decker proceeded to trial on docket number 428-2014, was ultimately convicted of

---

[2] 18 Pa.C.S.A. § 4915(a)(1).

[3] 18 Pa.C.S.A. § 4915(a)(2).

the crimes charged, and was sentenced to a term of imprisonment of seven to fourteen years. Decker filed an appeal, which was ultimately withdrawn pursuant to a plea agreement on docket number 692-2014. On docket number 692-2014, Decker entered a guilty plea to failure to comply with registration of sexual offender requirements on September 3, 2015, and was sentenced on December 3, 2015 to a term of imprisonment of six to twelve years.

Decker timely filed a *pro se* PCRA petition on October 26, 2016, alleging ineffective assistance of counsel, after-discovered evidence, and that his guilty plea was unlawfully induced. The court appointed PCRA counsel on November 1, 2016. On August 15, 2018, Decker filed an amended PCRA petition through counsel, arguing constitutional violations based on ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), and that his sentence was greater than the lawful maximum.

By order dated May 14, 2019, the PCRA court denied Decker's amended PCRA petition. On June 13, 2019, Decker timely filed a single notice of appeal listing the two lower court docket numbers, 428-2014 and 692-2014. On June 19, 2019, this Court issued a rule to show cause as to why the appeal should not be quashed in light of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). Decker did not file a response. Instead, Decker filed two separate notices of

- 3 -

appeal with the trial court on July 15, 2019, each listing one trial court docket number: the appeal at docket number 2064 EDA 2019 listed only 428-2014, and the appeal at docket number 2065 EDA 2019 listed only 692-2014. Ultimately, on October 4, 2019, this Court quashed both appeals as untimely. Order, 10/4/19, at 1 (2064 EDA 2019); Order, 10/4/19, at 1 (2065 EDA 2019).

On July 22, 2019, Decker filed a "Petition For Leave of Court to Amend the Notice of Appeal and Submit *Nunc Pro Tunc*" with this Court regarding his original June 13, 2019, notice of appeal implicating **Walker**. On August 27, 2019, this Court entered an order discharging the rule to show cause as to why the appeal should not be quashed pursuant to **Walker**, and informed the parties that both the **Walker** issue and Decker's petition to amend and submit his notice of appeal *nunc pro tunc* would be referred to the panel of this Court assigned to decide the merits of the appeal. Order, 8/27/19, at 1.

Accordingly, before us presently are Decker's timely appeal of the trial court's order dated May 14, 2019, denying his PCRA Petition, docketed at number 1685 EDA 2019, and his "Petition For Leave of Court to Amend the Notice of Appeal and Submit *Nunc Pro Tunc*." Decker has not addressed **Walker** in either his appellate brief or his petition, but concedes in the petition that the notice of appeal docketed at 1685 EDA 2019 failed to comply with Pa.R.A.P. 341(a) (requiring separate notices of appeal for orders resolving issues on more than one docket). Petition, 7/22/19, at 1.

- 4 -

"Before we can reach the merits of [Decker's] appeal, we must address the fact that he filed a single notice of appeal for an order that resolved issues relating to [two] different docket numbers." *Commonwealth v. Williams*, 206 A.3d 573, 574 (Pa. Super. 2019). The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides that where "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, *separate notices of appeal must be filed*." Pa.R.A.P. 341, Official Note (emphasis added).

In *Walker*, *supra*, our Supreme Court construed the Official Note to Rule 341 as creating a "bright-line mandatory instruction to practitioners to file separate notices of appeal," and, accordingly, determined that "*the failure to do so requires the appellate court to quash the appeal*." 185 A.3d at 971-77 (emphasis added). The Court specified that because this mandate is contrary to decades of case law, this requirement only applies to appeals filed after June 1, 2018. *Id.*

Instantly, Decker's notice of appeal was filed after June 1, 2018. Pursuant to *Walker*, Decker was required to file a separate notice of appeal for each lower court docket number. *Id.* Because he did not do so, we are constrained to quash this appeal.

Appeal quashed.  Petition to withdraw as counsel denied as moot.[4]

Petition to appeal *nunc pro tunc* denied.[5]

President Judge Emeritus Ford Elliott joins this Memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/20

---

[4] Because we are constrained to quash this appeal under **Walker**, **supra**, we are unable to determine whether Decker's appeal is wholly frivolous. Accordingly, we deny counsel's petition to withdraw as moot.

[5] We are hesitant to create an avenue for appellants to avoid the mandate of **Walker**.  The most prudent practice for appellants is to submit applications for *nunc pro tunc* appeals with the trial court or the PCRA court, as the case may be.  **See e.g., Commonwealth v. Martin**, 220 A.3d 664 (Pa. Super. 2019).  Our denial of the relief Decker seeks here does not foreclose him from filing an application with the proper tribunal.