J. S06039/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                                    :          PENNSYLVANIA
                   v.                      :

BRIAN TUDDLES,                    :           No. 2635 EDA 2019
                                                  :
                  Appellant          :

Appeal from the Judgment of Sentence Entered August 6, 2019,
in the Court of Common Pleas of Northampton County
Criminal Division at No. CP-48-CR-0003853-2018

BEFORE: LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 29, 2020**

Brian Tuddles appeals from the August 6, 2018 judgment of sentence entered in the Court of Common Pleas of Northampton County after he entered a guilty plea to one count of aggravated assault.[1] Appellant was sentenced to a term of imprisonment of not less than 7 nor more than 14 years. Counsel has filed what purports to be an **Anders** brief. We direct counsel to take appropriate action in accordance with this memorandum.

The relevant factual and procedural history of this case, as gleaned from the certified record, is as follows: On July 2, 2018, appellant twice punched the victim, his girlfriend, with a closed fist, causing the victim to sustain serious bodily injury. Appellant was charged with aggravated assault,

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1).

terroristic threats, simple assault, and harassment.[2]  On August 5, 2019,
appellant proceeded to a trial by jury.  After the victim testified, appellant
opted to accept a negotiated plea agreement.  On August 6, 2019, appellant
entered his plea and was sentenced by the trial court.  No post-sentence
motions were filed.

On August 12, 2019, appellant filed a ***pro se*** motion to withdraw his
guilty plea.  As appellant was represented by counsel, the trial court entered
an order referring appellant's ***pro se*** motion to his counsel.  ***See***
Pa.R.A.P. 3304 (providing that where a litigant, represented by counsel, files
a ***pro se*** pleading, it shall be forwarded to counsel).  Counsel for appellant
filed a timely petition to withdraw his guilty plea on August 15, 2019.  The
petition was denied by the trial court.  (Trial court order, 8/20/19.)

Appellant filed a timely notice of appeal.  On September 6, 2019, the
trial court ordered appellant to file a concise statement of errors complained
of on appeal pursuant to Pa.R.A.P. 1925(b).  Counsel filed a timely "statement
in lieu of 1925(b) statement."  The trial court filed a statement pursuant to
Pa.R.A.P. 1925(a), stating that there were no allegations of error to address.

Appellant raises the following issue:

> Whether the [trial c]ourt erred in issuing the appellant
> a sentence which was unduly harsh under the
> circumstances[?]

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2706(a)(1), 2701(a)(1), and 2709(a)(1),
respectively.

Appellant's brief at 8 (full capitalization omitted).

As a preliminary matter, counsel filed a "statement in lieu of 1925(b) statement" wherein counsel contends that appellant's issues are "totally frivolous and without merit under the facts, Pennsylvania [r]ules, and any relevant case law." (Statement in lieu of Rule 1925(b) statement, 9/19/19 at ¶ 9.) Counsel, however, did not state whether he intended to file an **Anders**/**McClendon**[3] brief or whether he intended to withdraw as counsel. (**Id.**)

In his brief, counsel states that he "has reviewed the asserted claims in [a]ppellant's **pro se** motion and finds them to be without merit." (Appellant's brief at 11.) Counsel further states that he "can find no errors in the application of sentence by the sentencing court" and that he "files this brief without argument as to the merits to an appeal in the above-captioned matter." (**Id.**) Although counsel does not title his brief as such, based on counsel's assertions and those in his "statement in lieu of statement under Pa.R.A.P. 1925," it appears counsel intended to submit an **Anders** brief.

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005) (citations omitted); **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa.Super.

---

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon** 434 A.2d 1185 (Pa. 1981).

2009). One of the **Anders**/**Santiago** requirements is submission of a petition to withdraw. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**). To withdraw under **Anders**, court-appointed counsel must first, "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa.Super. 2012), quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

> Second, counsel must file an **Anders** brief, in which counsel:

> > (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

With respect to the briefing requirements, "[n]either **Anders** nor **McClendon** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. [W]hat the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal." **Santiago**, 978 A.2d at 359-360.

Pointing out the flaws in the issue(s) presented is not the proper form of an **Anders** brief, as this approach operates to deny an appellant the

assistance of counsel. ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa.Super. 1997).

Lastly, counsel must furnish a copy of the ***Anders*** brief to his client and "advise him of his right to retain new counsel, proceed ***pro se*** or raise any additional points that he deems worthy of the court's attention, and attach[] to the ***Anders*** petition a copy of the letter sent to the client." ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa.Super. 2007) (***en banc***) (quotation marks and citation omitted).

Here, appellant's counsel has not filed a petition to withdraw. Further, counsel's brief is essentially an argument in support of the trial court's sentencing of appellant. (***See*** appellant's brief at 8-11.) While counsel need not raise issues if he believes there are none, he must set forth those issues that the defendant wishes to advance, as well as any other claims necessary to the effective appellate presentation of those issues. ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa.Super. 1997). It is sufficient if counsel "flags" those issues and includes relevant case citations and references to the record. ***Smith***, 700 A.2d at 1304. Counsel's brief does not comport with these requirements.

Additionally, nothing in the record demonstrates that counsel furnished a copy of his **Anders** brief to appellant or advised appellant of his right to retain new counsel, proceed **pro se**, or raise any additional points that he deems worthy of the court's attention. Counsel has not attached any letter to his **Anders** petition reflecting notice to the appellant. Thus, counsel has failed to comply with any of the requirements of **Anders**. **See Commonwealth v. Millisock**, 873 A.2d 748, 751-752 (Pa.Super. 2005).

We, therefore, find that counsel's brief denies appellant his very basic and important right to assistance of competent counsel. Consequently, we will not dispose of appellant's issue(s) on the merits, and we direct counsel to file either an advocate's brief or an **Anders** brief with a petition to withdraw as counsel within 30 days.

To the extent that counsel seeks to withdraw, we deny that request. Counsel is directed to file an advocate's brief or an **Anders**-compliant brief and petition to withdraw as counsel within 30 days. Jurisdiction retained.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/29/2020*