J-A07043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHAPPELL JOE WILLIAMS | : | |
| Appellant | : | No. 929 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 26, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001724-2019

BEFORE: BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 13, 2021**

Appellant Chappell Joe Williams appeals from the judgment of sentence entered by the Court of Common Pleas of Lancaster County after a jury convicted Appellant of Persons not to Possess a Firearm (18 Pa.C.S.A. § 6105(a)(1)) and Appellant pled guilty to Firearms Not to Be Carried Without a License (18 Pa.C.S.A. § 6106(a)(1)) and Receiving Stolen Property (18 Pa.C.S.A. § 3925(a)). Counsel filed a petition to withdraw his representation and what purports to be a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "***Anders*** brief"). After careful review, we remand this case and direct counsel to take appropriate action consistent with this memorandum.

---

[*] Former Justice specially assigned to the Superior Court.

The trial court summarized the relevant facts of the case as follows:

> On February 25, 2019, Detective Nathan Nickel of the Lancaster City Bureau of Police saw [Appellant], who was known to the Detective, on the 500 block of East Chestnut Street, Lancaster City. Indeed, the Detective was en route to obtain a felony warrant for [Appellant] relating to a shooting investigation. After the Detective confirmed [Appellant] was Chappell Williams, the Detective directed [Appellant] to sit on the sidewalk. Immediately, [Appellant] ducked down behind a parked vehicle, appeared to discard something, and then stood back up. The Detective heard a metallic scraping sound coming from underneath the vehicle which coincided with [Appellant's] movements. In response, Detective Nickel drew his gun and asked [Appellant] what he had discarded; [Appellant] replied that i[t] was a cell phone. The Detective recovered a fully loaded .9 millimeter handgun but no cell phone underneath the car. Within twenty seconds of stopping [Appellant], arresting officers arrived on the scene and handcuffed [Appellant]. A cell phone and a .9 millimeter Glock magazine were found on [Appellant's] person.

Trial Court Opinion, 11/23/20, at 1-2.

After Appellant was arrested and charged with the aforementioned offenses, Appellant expressed his intention to represent himself and waived his right to counsel. Notes of Testimony (N.T.), 1/27/19, at 14-16. Appellant filed an Omnibus Pre-Trial Motion for Relief which included a suppression motion. On January 27, 2019, the trial court denied Appellant's pre-trial motions. Appellant proceeded to trial on the Persons not to Possess a Firearm charge; Appellant represented himself with the assistance of standby counsel. At the conclusion of the trial, the jury convicted Appellant of Persons Not to Possess a Firearm.

After this conviction, Appellant requested counsel for the remaining two charges on the relevant docket. On June 26, 2020, Appellant entered a

counseled guilty plea to Firearms Not to Be Carried Without a License and Receiving Stolen Property. On the same day, the trial court sentenced Appellant to seven and one half (7½) years to fifteen (15) years' incarceration.

Appellant filed a *pro se* post-sentence motion that he self-dated July 3, 2020. This motion was received by the trial court on July 8, 2020. Before the trial court could respond to his post-sentence motion, on July 10, 2020, Appellant filed a timely *pro se* notice of appeal.

On July 29, 2020, Appellant's counsel, who also served as Appellant's standby counsel at trial, filed an application for leave to withdraw his representation, indicating that Appellant had informed him that he wished to proceed *pro se* with the appeal. On August 4, 2020, this Court directed the trial court to conduct a ***Grazier*** hearing to determine whether Appellant wished to proceed *pro se* or with the assistance of counsel.

On August 10, 2020, the trial court ordered Appellant to file a Concise Statement of Errors on Appeal pursuant to Pa.R.A.P. 1925(b). Given the pendency of the ***Grazier*** hearing, counsel filed a motion for an extension of time to file the concise statement after the ***Grazier*** issue had been decided, which the trial court granted. On August 28, 2020, Appellant submitted a *pro se* concise statement, raising thirteen issues for review on appeal.

On September 15, 2020, after the ***Grazier*** hearing, the trial court ordered counsel to remain as Appellant's counsel, finding that Appellant did not wish to proceed *pro se* but was "instead frustrated with his counsel disagreeing with [Appellant] on legal strategy/tactics." Order, 9/15/20, at 1.

- 3 -

Thereafter, on October 21, 2020, counsel filed a timely concise statement on Appellant's behalf in which he quoted the issues that Appellant had raised in his August 28, 2020 *pro se* concise statement. However, counsel also indicated that there was no meritorious claim to raise on appeal and set forth his intent to file an ***Anders*** brief.

Thereafter, counsel filed another petition to withdraw and a purported ***Anders*** brief which listed the following issue for review in the Statement of Questions Involved section: "[s]hould this Court permit counsel's withdraw [sic] when all issues are patently frivolous?" "***Anders*** Brief", at 4.

We must evaluate counsel's request to withdraw before reaching the merits of the case. ***Commonwealth v. Washington***, 63 A.3d 797, 800 (Pa.Super. 2013); ***see also Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa.Super. 2005) (stating, "[w]hen faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). We further review counsel's ***Anders*** brief for

compliance with the requirements set forth in ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009):

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id***. at 178-79, 978 A.2d at 361.

The Supreme Court in ***Santiago*** clarified that ***Anders*** does not "require[] that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. [W]hat the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal." ***Santiago***, 978 A.2d at 359-360.

Likewise, this Court has held that "[a] brief pointing out the flaws in the issues presented is not the proper form of an ***Anders*** brief, as this approach operates to deny a defendant the assistance of counsel." ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa.Super. 1997). Instead,

> [w]hile counsel need not raise issues if he believes there are none, he must set forth those issues that the defendant wishes to advance, as well as any other claims necessary to the effective appellate presentation of those issues. It is sufficient if counsel "flags" those issues, and includes relevant case citations and references to the record.

***Id***. at 1303–1304 (citation omitted).

Moreover, counsel must provide a copy of the **Anders** brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.'" **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007)).

In this case, counsel filed a purported **Anders** brief and attached his application to withdraw as counsel on January 4, 2021. In his application to withdraw, appellate counsel states he has made a conscientious examination of the record and determined that there are no non-frivolous grounds for the appeal. Attached to the application to withdraw is a letter counsel sent to Appellant advising him of his right to proceed *pro se* or to retain new counsel.

In reviewing counsel's brief in this case, counsel identifies the issues Appellant wished to raise on appeal and asserts that after reviewing the record, that he concludes the appeal is frivolous. While counsel acknowledges the individual issues Appellant wished to raise on appeal, he also includes a thorough analysis of the merits of each claim and essentially argues against his own client. Counsel's brief more closely resembles a brief that would be filed by the Commonwealth in support of the trial court's judgment of sentence.[1]

---

[1] Unsurprisingly, the Commonwealth notified this Court that it did not intend to file a brief to respond to counsel's brief.

Accordingly, we find that counsel's brief does not comport with the requirements of **Santiago** and **Smith**, but instead denies Appellant the right of assistance of counsel on direct appeal. As such, we will not reach the merits of Appellant's issues, but instead remand for counsel to file an advocate's brief or an **Anders**-compliant brief consistent with this decision.

To the extent that counsel seeks to withdraw, we deny that request. Counsel must file an advocate's brief or an **Anders**-compliant brief within thirty days of this decision. Jurisdiction retained.