J-S05029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC RAYMOND ZIZZO, III | : | |
| | : | |
| Appellant | : | No. 1062 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 30, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No:  CP-40-CR-0001792-2017

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2022**

Appellant, Dominic Raymond Zizzo, III, appeals from the judgment of sentence imposed in the Court of Common Pleas of Luzerne County on July 30, 2019, following the revocation of Appellant's probation.  Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny counsel's request to withdraw and remand for counsel to take appropriate action in accord with this memorandum.

The factual and procedural background of the instant appeal is not at issue.  The trial court summarized the relevant background as follows:

> On November 21, 2017, [Appellant] pled guilty to one count of statutory sexual and indecent assault.  Sentencing occurred on April 13, 2018.  [Appellant] received 11 to 23 months on the statutory sexual assault charge and 36 months of consecutive probation on the indecent assault charge.  He was given credit for 359 days of incarceration served prior to sentencing.

On July 29, 2019, a probation revocation hearing was held as a result of a violation report which was dated March 26, 2019. The report alleged that [Appellant] violated the terms of his probation by engaging in unsupervised contact with minors, consuming alcohol and failing to complete sex offender treatment. At the conclusion of the hearing[,] [Appellant]'s probation was revoked. He was then resentenced to 24 to 84 months on the indecent assault charge[,] which was graded as a felony of the third degree.

No direct appeal was filed following the revocation hearing. On December 11, 2019, [Appellant] filed a motion for post conviction collateral relief. As a result of the PCRA motion, [Appellant]'s appellate rights were reinstated regarding the revocation of his probation. A notice of appeal was filed on his behalf on August 4, 2021.

An order was then issued by [the trial court] which required a concise statement of errors complained of on appeal pursuant to [Pa.R.A.P.] 1925(b) be filed by [Appellant] within twenty-one days. Counsel filed a concise statement on August 31, 2021. The statement alleges error in connection with the finding that [Appellant] violated his probation by having inappropriate contact with minors and being discharged from the sexual offender program. Error is also alleged in permitting testimony by the Commonwealth's witness in violation of [Appellant]'s Fifth Amendment Rights.

Trial Court Opinion, 9/22/21, at 1-2 (unnumbered).

Appellant raises the following issues for our review:

> I. Whether the [trial] court erred or abused its discretion in finding that [Appellant] violated his probation by:
>
> a. having inappropriate contact with minors;
>
> b. being discharged from the sexual offender program.[1]

---

[1] Sub-issue b, while listed as a claim, was not addressed in the argument section of the brief. Similarly, while the issue was raised in Appellant's Rule

*(Footnote Continued Next Page)*

> II. Whether the [trial] court erred in permitting testimony by the Commonwealth's witness in violation of [Appellant]'s Fifth Amendments rights.

Appellant's Anders' Brief at 1.

Before we address the merits of the challenges, we must consider the adequacy of counsel's compliance with *Anders v. California,* 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

*Commonwealth v. Tukhi*, 149 A.3d 881, 885-86 (Pa. Super. 2016) (citation omitted).

In *Santiago*, our Supreme Court addressed the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

___

1925(b) statement, it was not addressed by the trial court in its Rule 1925(a) opinion.

- 3 -

> (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

We start our review by examining the petition to withdraw as counsel. In the petition, counsel failed to advise Appellant that he may "raise any additional points worthy of this Court's attention." *Anders*, *supra*; *Tukhi*, *supra*.

In addition, in his *Anders* brief, counsel failed to state his reasons for concluding that the appeal is frivolous. *Santiago*, *supra*. Specifically, counsel failed to "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Santiago*, 978 A.2d at 361. Because he failed to do so, we are unable to discern how counsel reached that conclusion. Among other things, we find troublesome the absence of any meaningful discussion of the revocation hearing.

As noted above, on April 13, 2018, Appellant was sentenced to 11 to 23 months on the statutory sexual assault charge and 36 months of consecutive

- 4 -

probation on the indecent assault charge. In addition, Appellant was sentenced to a 36-month probation term consecutive to the sentence imposed on the statutory sexual assault charge. In connection with the probation term, the trial court imposed, among others, the following conditions:

- Must attend and complete sexual offender treatment.

- No contact with victim.

- *No contact with minors*/or places where minors frequent/schools, school zones, school activities, public pools, parks, or playgrounds.

Sentencing Order, 4/13/18 (emphasis added).

On March 26, 2019, the Luzerne County Probation Department issued a Parole Violation Report, which was filed on April 24, 2019, after Appellant waived his right to a *Gagnon I* hearing.[2] In the report, the Probation Department alleged that Appellant committed, *inter alia*, a technical violation of the rules of probation and parole, as well as the trial court sentencing order. The Probation Department identified the condition being violated as a court ordered condition, specifically the "No Unsupervised Contact With Minors"

---

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). When a probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. *Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa. Super. 2001). Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is necessary before the court can make a final revocation decision. *Id.*

condition. In the report, the Probation Department described the offending conduct as follows:

> Offender violated said rule, in that his alleged conduct constitutes a failure to comply with the rules of Probation and Parole, as well as the Court Order. [Appellant] admitted to having contact with a 17-year-old minor on occasion, and admitted to "making out, kissing, fondling, and grabbing" her as well. His justification being that "she was turning eighteen in a couple [of] weeks." Upon questioning in the probation office, [Appellant] admitted to the actions and said he "waited until her birthday" to have sexual contact with her. He also admitted to being alone with his friend's 5-year-old niece on multiple occasions. He admitted to being sexually aroused by the victim climbing on him, and said that the victim "grabbed his crotch area" and "sucked his fingers." He admitted the contact to the group on March 21, 2019, and also in the probation office on March 25, 2019. [Appellant] said he "should have lied."
>
> [Appellant] is a Tier II Sex Offender and cannot be at such an event according to the rules. [Appellant] disclosed this information to [p]olygraph examiner and his [Sexual Offender Assessment Board] Counselor, Thomas Dougherty. Mr. Dougherty reported the two incidents to Child Line.

Parole Violation Report, 3/26/19 at 1-2.

At the revocation hearing, counsel for Appellant argued that the condition imposed by the trial court (*i.e.*, no contact with minors) was different from the condition being enforced by the Probation Department (*i.e.*, no unsupervised contact with minors), and that the Probation Department in essence modified the condition without the approval of the trial court. Furthermore, counsel argued that to the extent the Probation Department properly modified the condition initially imposed by the trial court, the

Commonwealth failed to prove that the contact was unsupervised. N.T., Revocation, 7/29/19, at 22-23.

The Probation Department acknowledged that the condition, as formulated by the trial court, was impossible to enforce, given the nature of Appellant's employment (working at a pet store). N.T., Revocation, 7/29/19, at 5. Accordingly, the Probation Department authorized Appellant to work in an environment where children could be potentially present (pet store) and interpreted the condition imposed by the trial court to mean "no adverse contact with minors," *id.*, or "no unsupervised contact with minors," *id.* at 6-7; *see also* Parole Violation Report, *supra*. The Commonwealth argued that the initial condition (no contact with minors) was not changed by the Probation Department, and that, essentially, it meant no adverse contact with minors. *Id.* at 21-23.

The trial court agreed with the Commonwealth's position and revoked Appellant's probation.

Case law exists suggesting that current counsel for Appellant may have overlooked an issue. In *Commonwealth v. Foster*, 214 A.3d 1240 (Pa. 2019), our Supreme Court held that under 42 Pa.C.S.A. § 9754, a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices. However, in *Commonwealth v. Elliott*, 50 A.3d 1284 (Pa. 2012), our Supreme Court explained that while "the legislature has placed the authority to impose a term of probation, and the conditions therefore, solely

with the trial courts," *id*. at 1291, the Pennsylvania Board of Probation and Parole (State Board) and its agents "may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." *Id*. at 1292. "A trial court may impose conditions of probation in a generalized manner, and the [State] Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation." *Id.* Notably, since the issue in *Elliott* was whether the State Board had the authority to impose conditions of supervision, *Elliott* did not specifically address whether a county probation board (such as the Montgomery County Probation Board, the entity that supervises Appellant's probation) has similar authority.

Current counsel for Appellant does not mention any of the issues raised by counsel at the revocation hearing. We are not suggesting that the issues raised by counsel at Appellant's revocation hearing entitle Appellant to relief. In fact, we take no position on these issues. We merely note that the issues raised by counsel at the revocation hearing do not appear wholly frivolous.[3]

_____

[3] We have stated that "frivolous is not the same as meritless; an appeal is frivolous where it lacks any basis in law or fact." *Commonwealth v. Smith*, 700 A.2d 1301, 1305 n. 10 (Pa. Super. 1997) (citation and internal quotation marks omitted); *see also Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007) ("The heightened protection afforded to *Anders* appellants . . . arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones."); *Commonwealth v. Kearns*,
*(Footnote Continued Next Page)*

However, if counsel believes otherwise, counsel, on remand, should explain why those issues are in fact wholly frivolous.

We also note that current counsel apparently does not identify as a potential issue the testimony of the probation officer at the revocation hearing relating to Appellant's admissions. It appears, however, that Appellant was interrogated by the probation officer while in custody. **See** N.T., Revocation, 7/19/19, at 6-7; 16-17. It is not for us to make an argument on behalf of Appellant. However, current counsel should consider the impact, if any, of **Commonwealth v. Knoble**, 42 A.3d 976 (Pa. 2012), and **Commonwealth v. Cooley**, 118 A.3d 370, (Pa. 2015). If counsel believes that **Knoble** and **Cooley** have no bearing on the instant matter or that these cases would not change his assessment, counsel must explain, on remand, how he reaches that conclusion.

Current counsel also appears to have equated the interaction between Appellant and the probation officer with the interaction between Appellant and the SOAB counselor. The two situations are factually different, and may result in different legal consequences, which current counsel fails to appreciate. **Id.**

---

896 A.2d 640, 647 (Pa. Super. 2006) ("It may be that counsel believes that the argument advanced is unlikely to ultimately prevail. Nevertheless, this does not mean that the appeal is wholly frivolous."); 86 A.3d 877, 879-80 (Pa. Super. 2014); **Commonwealth v. Orellana**, 86 A.3d at 882. 86 A.3d 877, 882 (Pa. Super. 2014).

- 9 -

Accordingly, we deny counsel's petition to withdraw and remand for counsel to file either an advocate's brief or a brief in full compliance with *Anders*, with an accompanying motion to withdraw. ***See Commonwealth v. Vilsaint***, 893 A.2d 753 (Pa. Super. 2006) (remanding for counsel to file either a proper *Anders* brief or an advocate's brief upon concluding that the brief filed was technically and substantively inadequate). Counsel must file either brief within 30 days of the filing of this memorandum, and the Commonwealth may file its brief within 30 days of the filing of Appellant's brief.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.