J-S20004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LORIN ALEXANDER PERRY | : | |
| | : | |
| Appellant | : | No. 1359 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 24, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001406-2020,
CP-04-CR-0001855-2020

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JUNE 28, 2022**

Appellant Lorin Alexander Perry appeals from the judgment of sentence imposed after he pled *nolo contendere* to involuntary deviate sexual intercourse (IDSI) and related offenses.  Appellant's counsel (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago***[1] brief.  Appellant has also filed an application to discontinue the appeal with respect to Docket No. 1855-2020.  For the reasons stated herein, we dismiss Appellant's application to discontinue the appeal as moot, deny Counsel's petition to withdraw, and direct Counsel to submit an amended ***Anders***/***Santiago*** brief or an advocate's brief on Appellant's behalf.

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

Briefly, at Docket No. 1406-2020, the Commonwealth charged Appellant with five counts of indecent assault of a person less than thirteen years old, three counts each of aggravated indecent assault without consent and indecent assault without consent, two counts of aggravated indecent assault of a person less than thirteen years old, and one count each of statutory sexual assault, IDSI of a person less than sixteen years old, unlawful contact with a minor, aggravated indecent assault of a person less than sixteen years old, corruption of minors, endangering welfare of a child, and indecent assault of a person less than sixteen years old.[2] *See* Criminal Information, Docket No. 1406-2020, 10/5/20, at 1-3 (unpaginated). At Docket No. 1855-2020, the Commonwealth charged Appellant with five counts of child pornography and one count of criminal use of communications facility.[3] *See* Criminal Information, Docket No. 1855-2020, 12/29/20, at 1-2 (unpaginated).

On April 22, 2021, Appellant entered *nolo contendere* pleas to two counts of aggravated indecent assault of a person less than thirteen old, and one count each of IDSI of a person less than sixteen years old, aggravated indecent assault of a person less than sixteen years old, and endangering welfare of a child at Docket No. 1406-2020 and to all of the charges at Docket No. 1855-2020. In exchange, the Commonwealth withdrew the remaining

_____

[2] 18 Pa.C.S. §§ 3126(a)(7), 3125(a)(1), 3126(a)(1), 3125(a)(7), 3122.1(b), 3123(a)(7), 6318(a)(1), 3125(a)(8), 6301(a)(1)(ii), 4304(a), and 3126(a)(8), respectively.

[3] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

- 2 -

charges at Docket No. 1406-2020. The trial court subsequently sentenced Appellant to an aggregate term of thirteen to thirty years' incarceration followed by a term of nine years' probation. Further, the trial court determined that Appellant was a sexually violent predator (SVP). *See* 42 Pa.C.S. § 9799.24.

Appellant filed a timely post-sentence motion requesting to withdraw his plea, which the trial court denied. Appellant filed a single, timely notice of appeal that included both trial court docket numbers. The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b). The trial court issued a Rule 1925(a) opinion addressing Appellant's request to withdraw his plea, the trial court's jurisdiction, and both the legality and discretionary aspects of Appellant's sentence.[4] *See* Trial Ct. Op., 11/15/21, at 5-14.

On January 3, 2022, this Court issued a rule to show cause why the appeal should not be quashed pursuant to *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). Even though Appellant did not file a timely response, this Court discharged the rule to show cause order and deferred the *Walker* issue to the present panel. Order, 1/21/22. Appellant subsequently filed an application to discontinue the appeal with respect to Docket No. 1855-2020 on January 24, 2022. This Court deferred Appellant's application to discontinue to the present panel. Order, 2/1/22.

---

[4] The trial court also noted that any claims of ineffective assistance of counsel that Appellant might seek to raise should be deferred to PCRA review. Trial Ct. Op. at 14.

### *Walker* Issues

Before addressing Counsel's *Anders*/*Santiago* brief, we must consider whether this appeal is properly before this Court. In *Walker*, our Supreme Court held that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Walker*, 185 A.3d at 971. "The failure to do so," the Court continued, "will result in quashal of the appeal." *Id.* at 977 (footnote omitted); *see also* Pa.R.A.P. 341, Note. Subsequently, in *Commonwealth v. Young*, 265 A.3d 462 (Pa. 2021), our Supreme Court held that appellate courts have discretion to remand an appeal to the trial court for the appellant to file amended notices of appeal to cure a defect under *Walker*. *Young*, 265 A.3d at 475-78 (citing, *inter alia*, Pa.R.A.P. 902; *Commonwealth v. Williams*, 106 A.3d 583, 586-88 (Pa. 2014)).

Additionally, this Court has recognized that an appellant's failure to file separate notices of appeal may be excused where there was a breakdown in the operations of the court. *See, e.g.*, *Commonwealth v. Larkin*, 235 A.3d 350, 353-54 (Pa. Super. 2020) (*en banc*); *Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019). In *Stansbury*, the PCRA court advised the appellant that he had thirty days "'to file **a** written **notice** of appeal to the Superior Court. Said **notice** of appeal must be filed with the Clerk of Courts . . . .'" *Stansbury*, 219 A.3d at 159 (quoting trial court order, emphases in original). The *Stansbury* Court concluded that the PCRA court's failure to advise the appellant of the need to file separate notices of appeal constituted

- 4 -

"a breakdown in court operations such that we may overlook" any **Walker** defect and declined to quash the appeal. **Id.** at 160; **see also Larkin**, 235 A.3d at 353-54 (declining to quash the appeal after concluding that a breakdown in the court system occurred when the PCRA court's order informed the appellant he had thirty days to file "an appeal").

Here, Appellant received a written "statement of rights following sentence," which informed Appellant that he could file "**a** notice of appeal" within thirty days of the date of sentence or the court's decision on any timely post-sentence motions. Statement of Rights Following Sentence, 8/25/21, at 2 (unpaginated) (emphasis added). Counsel signed that statement on behalf of Appellant and himself.[5] **Id.** Further, the trial court's order denying Appellant's post-sentence motion directed Counsel to "confer with [Appellant] regarding any potential appeal in these cases within 10 days of today's date." Trial Ct. Order, 10/12/21. Appellant timely filed a single notice of appeal listing both docket numbers on November 1, 2021.

Considering Appellant's actions in conjunction with the trial court's instructions to Appellant to file a single notice of appeal, we conclude that "a breakdown in court operations [occurred] such that we may overlook" any record deficiencies and decline to quash pursuant to **Walker**. **See Larkin**, 235 A.3d at 353-54; **Stansbury**, 219 A.3d at 160. Further, we decline

---

[5] Appellant participated in his sentencing hearing via teleconference. N.T. Sentencing Hr'g, 8/24/21, at 2. Appellant stated that he agreed to counsel signing the statement of rights on his behalf. **Id.** at 89.

- 5 -

remand this matter to the trial court for Appellant to file amended notices of appeal. *Cf. Young*, 265 A.3d at 475-78 (holding that appellate courts have discretion to remand an appeal to the trial court for the appellant to file amended notices of appeal to cure a *Walker* defect). In light of our conclusion that Appellant's single notice of appeal does not run afoul of *Walker* and Pa.R.A.P. 341, we deny Appellant's application to discontinue the appeal with respect to Docket No. 1855-2020 as moot.

### Counsel's *Anders*/*Santiago* Brief

In the *Anders*/*Santiago* brief, Counsel concludes that "[t]here is no non-frivolous issue for appeal." *Anders*/*Santiago* Brief at 3.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an *Anders* brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate

- 6 -

appellate presentation of those issues. ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa. Super. 1997). While counsel need not raise issues if he believes there are none, he should "flag" those issues and include relevant case citations and references to the record. ***Id.*** at 1304.

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Goodwin***, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted).

Here, Counsel filed a petition to withdraw indicating that he reviewed the record and determined that an appeal is frivolous and without merit. Counsel also filed a copy of the letter he sent to Appellant, which indicates that Counsel sent Appellant a copy of the amended ***Anders***/***Santiago*** brief

and advised Appellant that he may proceed *pro se* or retain private counsel to raise any additional issues he believes should be brought to this Court's attention.[6]

However, Counsel has failed to identify the issues that Appellant wishes to raise on appeal. *See Smith*, 700 A.2d at 1303-04. Further, Counsel has failed to provide citations to controlling case law and/or statutes to support his conclusion that this appeal is frivolous. *See Santiago*, 978 A.2d at 361. Because Counsel did not address the merits of the claims Appellant seeks to raise on appeal, we are unable to determine whether Appellant's appeal is wholly frivolous. Therefore, we must deny Counsel's petition to withdraw. *See id.* at 358 (stating that "only [complete frivolity] supports counsel's request to withdraw and a court's order granting the request" (citation omitted)).

Accordingly, we deny Counsel's petition to withdraw and direct Counsel to file either an amended *Anders*/*Santiago* brief that shall include a thorough discussion of Appellant's intended claim or an advocate's brief within thirty days. The Commonwealth shall have thirty days thereafter to file a response.

Application to discontinue dismissed as moot. Petition to withdraw denied with instructions. Panel jurisdiction retained.

---

[6] Appellant has not filed a response to Counsel's petition to withdraw. However, prior to Counsel serving his petition to withdraw on Appellant, Appellant filed a letter arguing, *inter alia*, that his plea was not knowing. *See Pro Se* Correspondence, 3/17/22.