J-S20039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN E. DIXON | : | |
| | : | |
| Appellant | : | No. 1222 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s): CP-58-CR-0000387-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN DIXON | : | |
| | : | |
| Appellant | : | No. 1223 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s): CP-58-CR-0000171-2022

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:         **FILED: JUNE 26, 2025**

Appellant, John Dixon, appeals *nunc pro tunc* from the aggregate judgment of sentence of three to twelve years' incarceration, imposed after he pled guilty, in two separate cases, to driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(b), in case CP-58-CR-0000387-2020 (hereinafter case "387-2020"), as well as homicide by vehicle, 75 Pa.C.S. § 3732(a), and another count of DUI, in case CP-58-CR-0000171-2022 (hereinafter case

"171-2022"). On appeal, Appellant seeks to challenge the validity of his guilty pleas and the discretionary aspects of his sentence. Additionally, Appellant's counsel, Joseph G. McGraw, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we deny counsel's petition to withdraw and issue instructions.

The facts underlying Appellant's convictions are not pertinent to our instant disposition. Procedurally, Appellant pled guilty to DUI in case 387-2020 on December 1, 2021. While he was awaiting sentencing, he obtained new charges in case 171-2022. On January 4, 2023, Appellant pled guilty to DUI and homicide by vehicle in that case. On February 8, 2023, Appellant was sentenced in both cases to the aggregate term stated above. He did not file any post-sentence motions, nor did he perfect a direct appeal.

On November 30, 2023, Appellant filed, in both cases, a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, alleging, *inter alia*, that his trial counsel was ineffective for not filing a direct appeal on his behalf. Attorney McGraw was appointed to represent Appellant and filed an amended petition. On July 24, 2024, the PCRA court issued an order reinstating Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*, and dismissing his remaining PCRA claims without prejudice to his right to raise them in a new petition after his judgment of sentence becomes final.

On August 21, 2024, Attorney McGraw improperly filed a single notice of appeal on Appellant's behalf, listing the docket numbers of both of Appellant's two underlying cases. **See** Pa.R.A.P. 341, Note ("Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed."). This Court subsequently ordered Appellant to file amended notices of appeal listing only one docket number, and counsel complied. We thereafter consolidated Appellant's appeals *sua sponte*.

On August 23, 2024, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney McGraw did not comply with this order, and filed no Rule 1925(b) statement on Appellant's behalf. On September 20, 2024, the trial court issued a Rule 1925(a) opinion concluding that Appellant had waived any issue(s) for our review by not complying with the court's Rule 1925(b) order. **See** Trial Court Opinion, 9/20/24, at 3. However, the court went on to provide a detailed discussion of the issues it foresaw Appellant raising on appeal, namely, challenges to the validity of his guilty plea and the sentences imposed by the court. **See id.** at 3-9.[1]

_____

[1] Given that (1) Attorney McGraw is seeking to withdraw, (2) the trial court thoroughly addressed in its opinion the issues that Appellant desires to raise on appeal, and (3) the record before us is complete, including transcripts of the plea and sentencing hearings, we decline — in the interests of judicial economy — to remand for the filing of a Rule 1925(b) statement or Rule 1925(c)(3) statement of intent to withdraw. **See** Pa.R.A.P. 1925(c)(3) ("If an
*(Footnote Continued Next Page)*

On January 8, 2025, Attorney McGraw filed an **Anders** brief. Therein, Attorney McGraw states that "[t]here is no colorable issue which supports an appeal in this case" and "that any further proceedings on behalf of [Appellant] would be wholly [*sic*] frivolous, and without arguable merit within the meaning of **Anders**…." **Anders** Brief at 10. Counsel then briefly discusses the two issues Appellant seeks to assert herein: a challenge to the validity of his guilty plea, **id.** at 11, and a "complaint … with the sentence imposed[,]" **id.** at 12. Attorney McGraw concludes that because these two issues are frivolous, we should permit him to withdraw. **See id.** at 13.

Problematically, Attorney McGraw did not file a separate petition to withdraw with this Court. It is well-settled that "[d]irect appeal counsel seeking to withdraw under **Anders** must **file a petition** averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly

_____

appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did **not** file an opinion, the appellate court **may** remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.") (emphasis added); **Commonwealth v. Stroud**, 297 A.3d 1152, 1158 (Pa. Super. 2023) (finding that a remand of Stroud's case was necessary, **not** because of his counsel's failure to file a Rule 1925(b) statement or statement of intent to withdraw, but because the lack of a complete record prohibited this Court from conducting an independent review under **Anders**); **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (concluding that where an untimely Rule 1925(b) statement has been filed, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

- 4 -

frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 720 (Pa. Super. 2007) (emphasis added) (citing ***Anders***, 386 U.S. at 744). This is ***in addition to*** the ***Anders*** brief filed by counsel. ***See id.*** ("Counsel ***must also file an Anders brief*** setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.") (emphasis added) (citing ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa. Super. 1997)). Although Attorney McGraw attached to his ***Anders*** brief a document entitled "Motion to Withdraw as Counsel," that document was not actually filed with this Court as a separate petition/motion to withdraw. ***See*** Appellant's Brief at Exhibit F.

Additionally, Attorney McGraw also attached to his brief a letter directed to Appellant, in which counsel advised him that he is filing an ***Anders*** brief, and notified Appellant of his "right to retain other counsel, or in the alternative to file motions in response to [counsel's] brief, setting for[th] any argument [Appellant] wish[es] to make on appeal." ***Id.*** at Exhibit G. ***See Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007) (stating that, in conjunction with the ***Anders*** brief, counsel must file a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief"). However, the letter does not clearly indicate whether Attorney McGraw actually ***provided*** Appellant with a copy of his ***Anders*** brief. ***See Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014)

("Counsel also must provide a copy of the **Anders** brief to his client."). The proof of service attached to Attorney McGraw's brief also does not indicate that it was served on Appellant.

We also conclude that Attorney McGraw's **Anders** brief is inadequate. Namely, although counsel indicates that Appellant wishes to challenge "the validity of his plea[,]" he does not discuss the substance of this claim at all, instead simply noting that the trial court "found that … Appellant's guilty plea was knowing, voluntary and intelligent[,]" with a general citation (without any page numbers) to the trial court's September 20, 2024 opinion. **See Anders** Brief at 11. Attorney McGraw does not specifically discuss why **he** has concluded that Appellant's guilty plea was valid, nor does he cite any legal authority to support this conclusion. **See Santiago**, 978 A.2d at 361 (directing that the **Anders** brief must "state **counsel's reasons** for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous") (emphasis added). Attorney McGraw also cites no legal authority to support his five-sentence discussion of why Appellant's desire to challenge the discretionary aspects of his sentence is frivolous. **See Anders** Brief at 12.

Accordingly, we deny Attorney McGraw's request to withdraw and issue the following instructions. **Within 30 days of the filing date of this memorandum**, counsel is directed to either file an advocate's brief on Appellant's behalf, or a **separate** petition to withdraw and a new **Anders** brief

that fully addresses Appellant's claims and explains, with citations to legal authority, why they are frivolous. Counsel must also attach to his ***Anders*** brief a letter that advises Appellant of the rights enumerated in ***Nischan*** and demonstrate to this Court he has provided this letter to Appellant, along with copies of his petition to withdraw and new ***Anders*** brief.

Petition to withdraw denied. Panel jurisdiction retained.